MARGARET COLES *vs.* THOMAS J. YORKS and Wife.

February 2, 1887.

**Mortgage — Foreclosure by Action — Application to set aside Sale and Confirmation.** — In an action to foreclose a mortgage, reasons founded on irregularities in making the sale are not available, upon an application after the final decree, to set aside the sale, decree of confirmation, and final decree, unless a sufficient excuse is shown for failure to present such reasons in opposition to the application to confirm the sale.

**Same — Description — Block and Lot — Courses and Distances.** — Instance in which, in a description of real estate, the reference to lot and block, according to a recorded plat, is held to prevail over bounds, courses, and distances, given.

Appeal by defendants from an order of the district court for Washington county, *Crosby,* J., presiding, denying their motion to set aside the sale and subsequent proceedings in a foreclosure suit, and granting the motion of plaintiff (who had purchased at the sale) for an order directing the sheriff to put her in possession.

*Kerr & Richardson,* for appellants.

*Searles, Ewing & Gail,* for respondent.

GILFILLAN, C. J.   This was an action to foreclose a mortgage on block 3, in Holcombe's addition to Stillwater.   August 30, 1884, a judgment was entered determining the amount due, and directing that the mortgaged property (less the homestead, to be determined as thereafter directed) should be sold by the sheriff.   It directed that the defendants should, within three days after service of a copy of the judgment by the sheriff, furnish to him in writing, signed by them, a description by metes and bounds of a lot or parts of lots of that portion of the said premises which they select as a homestead, which shall include the dwelling-house thereon and its appurtenances, not exceeding in area 7,500 square feet; or in default of such selection, or if the plaintiff shall be dissatisfied with the quantity thus selected, the defendants should designate a point on the premises from which the sheriff should make a selection for them; and, if they should neg-

lect to do so, then the sheriff should set off to them as a homestead a portion, including the dwelling-house and its appurtenances, not exceeding 7,500 feet square. The sheriff was obliged to make, and did make, the selection, and then advertised for sale the mortgaged premises, excepting the portion so selected, and sold the same, the plaintiff being the purchaser. The sheriff made his report of sale, and afterwards, on March 27, 1885, the sale was duly confirmed. There having been no redemption, the final decree vesting in plaintiff the title to the premises sold, free and clear of all equity of redemption of defendants, was duly entered on April 30, 1886. Possession being withheld by defendants from plaintiff, she applied to the court, under Gen. St. 1878, c. 81, § 42, for an order directing the sheriff to put her in possession. Before the hearing on this application the defendants applied for an order vacating, annulling, setting aside, and declaring void the final decree, the decree confirming the sale, the sale, and the proceedings of the sheriff in setting off the homestead, and all proceedings thereafter. The two applications were heard together, and the court denied that of defendants, and granted that of plaintiff, and defendants appeal to this court.

It is urged here, as reasons why the court below should have refused plaintiff's application, and granted that of defendants, that, though the mortgaged property was divided into 12 lots, the sheriff sold it as one parcel, (excepting from it the portion set off for a homestead;) the price bid was greatly inadequate; the description of the portion set off for a homestead was so vague and uncertain that it was impossible to locate it; the notice of sale claimed to be due more than was actually due. These things might have been presented as reasons why the sale should not be confirmed, or why the sale should be set aside, and a new sale ordered; but, while unreversed, the decree of confirmation determined them conclusively against the defendants. *Smith* v. *Valentine*, 19 Minn. 393, (452.) And this was especially the effect of the final decree. *Dodge* v. *Allis*, 27 Minn. 376, (7 N. W. Rep. 732.) If, in any case, the court could, on a mere motion, vacate the decree of confirmation and final decree, and divest the title of plaintiff for the causes urged, it certainly would not be called on to do so unless upon good excuse shown for failure to bring the matters

to the attention of the court by objections to the confirmation of the sale, or by application for a resale; and no such excuse was shown. The defendant Thomas J. was present at the sale, and must then have known every one of the facts now made the grounds of defendants' application. That application was rightly denied.

But it does not necessarily follow that the plaintiff's application ought to have been granted; for, if the description of the part of the premises excepted as a homestead was so uncertain that the part excepted could not be ascertained, and consequently what was sold could not be known, an order to the sheriff to put plaintiff in possession could not be executed, and for that reason ought not to issue. It is necessary, therefore, that we examine the description, and determine its sufficiency.

The description is: "Excepting and reserving therefrom that portion of said block three, commencing at the north-east corner of the north-east quarter of the north-west quarter of section thirty-three, in township number thirty north, of range twenty west of the fourth principal meridian; thence south, on the east line of said north-east quarter of said north-west quarter, one hundred and fifty-five feet, to a point as a place of beginning; thence south, on said east line of said north-east quarter of said north-west quarter, fifty feet; thence west, parallel with the north line of said north-east quarter of said north-west quarter, one hundred and eighty feet; thence north, parallel with said east line of said north-east quarter of said north-west quarter, fifty feet; thence east, parallel with the north line of said north-east quarter of said north-west quarter, one hundred and eighty feet, to the said place of beginning,—being the south twenty-five feet of lots one, two, and three, and the north twenty-five feet of lots ten, eleven, and twelve, together with the west half of Holcombe street fronting thereon, of said block three, in Holcombe's addition to Stillwater aforesaid, and being that portion of the property in said decree described on which the dwelling-house of the said defendants, and its appurtenances, is situate."

Of course, in a description of real estate, when all its elements cannot be true, those which are false—as to which there is a mistake—must be rejected. When there are, as in this case, two de-

scriptions, each complete, but they are inconsistent, the one having the elements of greater certainty prevails. *Lincoln* v. *Wilder*, 29 Me. 169; *Benedict* v. *Gaylord*, 11 Conn. 332, (29 Am. Dec. 299;) *Jackson* v. *Camp*, 1 Cow. 605; *Jackson* v. *Wendell*, 5 Wend. 142. When there is a description by courses and distances, and another by reference to known monuments, the latter prevails; and a map or plan referred to (certainly if a public record) stands upon the same footing as a monument. *Parks* v. *Loomis*, 6 Gray, 467; *Lunt* v. *Holland*, 14 Mass. 149; *Vance* v. *Fore*, 24 Cal. 435; *Wolfe* v. *Scarborough*, 2 Ohio St. 361; *Magoun* v. *Lapham*, 21 Pick. 135; *McIver* v. *Walker*, 9 Cranch, 173.

Now, here are two complete descriptions,—one by bounds, courses, and distances; the other by reference to lots and block in a certain addition, according to a recorded plat, and by reference to the decree for the block; but they are inconsistent with each other. One of them is a mistake. The description by bounds, courses, and distances would locate the premises in block 1, (and no part of block 3.) According to the general rules of interpretation in such cases, the description by lots and block would prevail. Besides, the description, as appears from the instrument in which it is given, (the sheriff's report of sale,) and also in the final decree, was made for the purpose of excepting a smaller piece out of a larger one, to wit, out of block 3, as it appears from the record it was the sheriff's duty to do; and to take the description by bounds, courses, and distances would defeat that purpose,—would make the exception an absurdity and a nullity. There is also another element of description, of greater certainty, of less liability to mistake, than any other, to wit, the dwelling-house of the defendants, which is situate on the piece as described by lots and block, and not on the other. The other must be rejected. The description must be taken, therefore, as excepting (with sufficient certainty) the south 25 feet of lots 1, 2, and 3, and the north 25 feet of lots 10, 11, and 12, of block 3.

The order directing the sheriff to put plaintiff in possession was right.

Order affirmed.