Argument for Appellant.

(November 30, 1900.)

# GIVENS v. KEENEY.

[63 Pac. 110.]

CONTRACT—CONSTRUCTION.—An obligation, in case of ambiguity, should be construed in the light of the surroundings of the parties thereto.

MOTION FOR NONSUIT.—A motion for a nonsuit upon the ground that "plaintiff has shown by his own evidence that he has no right of recovery in this action" properly overruled, as the statement of said ground is too vague, uncertain and indefinite to entitle the same to consideration.

(Syllabus by the court.)

APPEAL from District Court, Bingham County.

Winters & Guheen, for Appellant.

Where there is no consideration for a guaranty, the guaranty is absolutely void. (*Briggs v. Latham*, 36 Kan. 205, 13 Pac. 129.) Where one agrees to forbear from something that he could not legally do, the agreement is without consideration. (Clark on Contracts, 175.) The undertaking sued on provides among other things, that all proceedings to enforce the payment of the note and mortgage shall be stayed until after the trial of said cause or the dismissal thereof, and then not until after judgment in that action can plaintiff proceed upon either the note or mortgage of the undertaking, and even then he cannot proceed upon both, but use his option. This undertaking is a contract of suretyship or guaranty. (*Canadian Bank of Commerce v. Coumbe*, 47 Mich. 358, 11 N. W. 196; 24 Am. & Eng. Ency. of Law, 716; Brandt on Suretyship and Guaranty, 2.) Sureties are regarded as favorites of the law, and their contracts must be strictly construed; and nothing can be construed into their contracts by intendment or by implication. (Brandt on Suretyship and Guaranty, 107-109; Clark on Contracts, 595; *Miller v. Stewart*, 9 Wheat. 681.) Upon both law and principle nothing can be clearer than that a surety can stand strictly upon the very terms of his contract,

and that any variation therefrom without his consent, whether for his benefit or not, absolutely releases him from all obligations upon the contract. (*United States v. Boyd,* 15 Pet. 187; *Daggett v. Humphreys,* 21 How. 66; *Smith v. United States,* 2 Wall. 219; *McMicken v. Webb,* 6 How. 292; *Scott v. Scruggs,* 60 Fed. 725; *Nichols v. Palmer,* 48 Wis. 110, 4 N. W. 137; *Sanders v. Bagwell,* 32 S. C. 238, 10 S. E. 946; *Coughran v. Bigelow,* 9 Utah, 260, 34 Pac. 51, and cases cited; 24 Am. & Eng. Ency. of Law, 719; *Ray v. Brenner,* 12 Kan. 88; *Hubbard v. Ogden,* 22 Kan. 258; *Calvo v. Davis,* 73 N. Y. 211, 29 Am. Rep. .130.)

F. S. Dietrich and J. M. Stevens, for Respondent.

That plaintiff did believe he had the right so to foreclose appears from the whole record. That the mortgagors conceded such procedure legal is clearly shown by the fact that they never questioned his right to foreclose on the ground. That such is the common method of foreclosure cannot be disputed. That the validity of such procedure has not been attacked in the lower courts is not to be denied, and that the supreme court has repeatedly recognized it is clear. (*Advance Thresher Co. v. Whiteside,* 3 Idaho, 64, 26 Pac. 660; *Blumauer-Frank Drug Co. v. Branstetter,* 4 Idaho, 557, 43 Pac. 575; *O'Neill v. Whitcomb,* 3 Idaho, 624, 32 Pac. 1133.) Appellants were not entitled to a nonsuit, and the ruling was correct. Suffice it here to say that appellants waived their motion by proceeding with the trial. (*Chamberlain v. Woodin,* 2 Idaho, 642, 23 Pac. 177.) In the construction of a written contract, if there is any room for doubt as to its true meaning, the facts and circumstances out of which such contract arose should be considered, and the contract construed in the light of such circumstances. (*Burke Land and Livestock Co. v. Wells, Fargo & Co.,* ante, p. 42, 60 Pac. 87.)

QUARLES, J.—This appeal is taken from the judgment in favor of the plaintiff in the lower court, John W. Givens, upon the following instrument, to wit:

"Know all men by these presents, that whereas, the plaintiff herein and his wife, Grace N. Beane, did, on or about March 20th, 1895, execute and deliver to the defendant their certain promissory note (secured by chattel mortgage), in words and figures the following, to wit: '$345.00. Blackfoot, Idaho, March 20, 1895. Nine months after date, without grace, for value received, I promise to pay to the order of Jno. W. Givens $345, negotiable and payable at the banking-house of C. Bunting & Co., of Blackfoot, Idaho, without defalcation or discount, with interest at the rate of one per cent per month from date until paid, both before and after judgment, interest payable every three months; and, if suit be instituted for the collection of this note, I agree to pay such an additional sum as the court may judge reasonable attorney's fees. Frank W. Beane, Grace N. Beane,'—and whereas, a temporary injunction was heretofore issued herein restraining from proceeding to enforce the payment of said note and mortgage; and whereas, said order of injunction was, on the 27th day of March, 1896, vacated and dissolved by the honorable judge of said court; and whereas, the plaintiff is desirous of staying the payment of said note and mortgage until after the trial of this cause, or the dismissal thereof: Now, therefore, in consideration of the premises and the stay of proceedings to enforce the payment of said note and mortgage, as aforesaid, we, the undersigned, are held and firmly bound unto the defendant, John W. Givens, and jointly and severally promise and agree to pay to said John W. Givens and his assigns the amount of said note now due, or to become due, in accordance with the terms thereof, after deducting therefrom the amount of the judgment, if any, which the plaintiff may finally recover herein against the defendant upon the cause of action set forth in the complaint. And we further promise and agree to pay such sums as the court shall adjudge reasonable, if suit be instituted to enforce the obligation, as attorney's fees for services in and about such suit. It is further understood and agreed that in accepting this obligation the defendant agrees only to stay proceedings upon said note and mortgage, and that he does not waive any of the

rights or remedies thereunder, and that, after judgment in this action, he may proceed either upon said note and mortgage, or upon this obligation, at his option; and in giving this undertaking, the said Beane and wife do not waive any rights to question the validity of this note and mortgage as having been obtained by fraud.

"GEO. A. ROBETHEN,

"J. W. KEENEY."

"State of Idaho,    } ss.
County of Bannock. }

"George A. Robethen and J. W. Keeney, being first duly and severally sworn, each for himself, says that he is a resident freeholder of Bannock county, Idaho, and is worth the sum of six hundred dollars over and above his just debts and liabilities, exclusive of property exempt from execution.

"GEO. A. ROBETHEN.

"J. W. KEENEY."

"Subscribed and sworn to before me on this twenty-eighth day of March, 1896.

·  [Seal]          "THOS. F. TERRELL,

"Notary Public."

The circumstances under which the said obligation was given are as follows: Said Givens held the note set forth in said obligation, quoted above, to secure the payment of which said Frank W. Beane and his wife, Grace N. Beane, executed to said Givens a certain chattel mortgage. After the said note and mortgage became due, and while said Givens, the mortgagee therein, was threatening to foreclose said mortgage by notice and sheriff's sale, without action, the said mortgagor, Frank W. Beane, commenced an action in the district court of the fifth judicial district in and for Bingham county seeking to recover a judgment upon three several actions for debt, aggregating in all the sum of $500, against said Givens. The complaint in said action also contained a fourth and separate cause of action, wherein it was alleged that the said note and mortgage were procured from said Beane and wife fraudu-

lently by said Givens. Said plaintiff, Beane, asked judgment for the amount of his several alleged debts, and also for an injunction restraining said Givens from foreclosing the said chattel mortgage by notice and sheriff's sale, and that said mortgage and note be adjudged fraudulent, and that the same be canceled and held for naught. A temporary injunction was issued, restraining Givens from proceeding to enforce the said chattel mortgage, and the same was dissolved, as recited in the above-quoted obligation. This action went to judgment, and the plaintiff, Beane, obtained judgment, which, upon appeal to this court, was reversed. (See *Beane v. Givens*, 5 Idaho, 340, 51 Pac. 987.) Upon a new trial in the district court judgment was rendered in favor of the defendant therein, John W. Givens, upon his cross-complaint, based upon said note and chattel mortgage, for the sum of said note and accrued interest, and decreeing a foreclosure of said chattel mortgage upon the property therein mortgaged, except the piano, folding-bed, sewing-machine, kitchen range, books and book shelves, to satisfy said indebtedness. Said exception from the operation of said mortgage was made by the district court, upon the ground that said piano, etc., were the separate estate of the wife, Grace N. Beane, who did not, separately and apart from her said husband, acknowledge the execution of said mortgage. After judgment in said action, and prior to the commencement of this action, the said defendant, Givens, made demand upon said obligees, George A. Robethen and J. W. Keeney, that they pay the amount of the judgment recovered by him against said Beane, and said Givens there and then offered to assign to the said obligees the said note and mortgage and judgment of foreclosure into which they had been merged, but said obligees refused to pay said amount of said judgment, whereupon the said Givens commenced this action upon said obligation to recover the amount of said note, $345, with interest thereon from March 20, 1895, at the rate of one per cent per month, less twenty dollars interest paid thereon; and the further sum of $100 attorney's fees. Upon the trial the plaintiff in this action, John W. Givens, recovered judgment against the said defendants, George A. Robethen and J. W.

Keeney, in the sum of $425, and costs amounting to thirteen dollars and forty cents, from which this appeal is taken. The appellants specify three errors, as follows: "1. The court erred in overruling the demurrer of appellants to the respondent's complaint as amended. 2. The court erred in denying appellant's motion for a nonsuit at the close of respondent's testimony. 3. The court erred in making and entering findings and judgment against the appellants."

Appellants contend that the obligation aforesaid, which they claim is a guaranty, was given in consideration of the plaintiff agreeing to forbear to foreclose the chattel mortgage by notice and sale, and that that was the only consideration. The appellants contend that there was an absolute want of consideration, for the reason "that there is no law in the state of Idaho authorizing any such proceedings." This contention involves the validity of section 3390 et seq. of the Revised Statutes, which they contend are void. Much of appellants' brief is devoted to this question, but we do not deem it necessary to seriously consider this point. The validity of said statutes has been repeatedly recognized in the jurisprudence of this state, and we see no reason now for holding said statutes invalid. The complaint substantially set forth in detail the facts hereinbefore abbreviated. We think that the court properly overruled the demurrer to said complaint.

The said obligation seems somewhat ambiguous, but a casual reading of the obligation sued upon, considering the conditions and circumstances under which the same was given, is sufficient to show the consideration for said obligation. That consideration was that said Beane should have ample time and opportunity to have the three different claims for debt which he was asserting against said Givens, and the validity of the said note and mortgage, adjudicated before said Givens should enforce by legal process his rights under the said note and mortgage. There was no failure of this consideration. The very action commenced by the mortgagor, Beane, demanded an adjudication upon the question of the validity of the said note and mortgage. Under our Code of Civil Procedure (Rev.

Stats., secs. 4183-4185), the defendant, Givens, was called upon, and it was his duty so to do, to set up by way of cross-complaint or counterclaim his said note and mortgage, and to have his rights thereunder adjudicated. This he did. It is unreasonable to contend that the obligees in the obligation sued upon understood, or had any reason to understand, that the rights of the said Givens under the said note and mortgage were not to be adjudicated in the said action. That action necessarily would result in a judgment that the defendant, Givens, take nothing by reason of his said note and mortgage, or that he was entitled thereunder to a certain sum for which judgment of foreclosure would be entered.

It is contended by the appellants that the respondent, Givens, through his attorney, agreed that certain of the mortgaged property should be exempted from the operation of said mortgage, and that this lessened his security, by reason of which fact said obligees are released from their obligation of guaranty. A careful consideration of the record convinces us that this contention is not sustained. The action of the court in exempting the piano, etc., on the grounds above stated, was correct, under the law and evidence of the case.

At the close of the trial the appellants moved for a nonsuit, upon the following grounds, to wit: "1. Plaintiff has shown by his own evidence that he has no right of recovery in this action. 2. That the undertaking or instrument sued upon contains an option in regard to the foreclosing of the mortgage or bringing an action on undertaking; and plaintiff has used said option by foreclosing the mortgage, and is, therefore, estopped from maintaining an action on the undertaking." This motion was overruled by the court, and upon this action of the court the second assignment of error is based. The first ground of the motion set forth above is too vague, uncertain, and indefinite. The motion upon that ground is properly overruled for that reason. The second ground for the motion involves a construction of the obligation, and one which is also involved in passing upon the demurrer to the complaint. As before stated, a proper construction of said obligation, the conditions and circumstances under which the same was given being considered,

is that all parties thereto contemplated that the action then pending, and in which said obligation was given, should proceed to final determination. We are of the opinion that the option mentioned in said obligation is the one which was exercised by the respondent, Givens, when he elected to sue upon said obligation rather than proceed under the judgment of foreclosure, which he had obtained in the former action. The second ground of nonsuit was not well taken. The motion for nonsuit was properly overruled.

We have carefully examined the findings on the judgment in this case, and are of the opinion that said findings were supported by the evidence, and that the pleadings support the findings and the judgment; wherefore the judgment appealed from is affirmed. Costs awarded to respondent.

Huston, C. J., and Sullivan, J., concur.