(January 2, 1918.)

## CATTINA E. SALA, Appellant, v. A. A. CRANE et al., Respondents.

[170 Pac. 92.]

OFFICIAL PLAT—CONVEYANCE ACCORDING TO.

1. Where a patent conveys land according to the official plat of the survey returned by the surveyor-general, the plat becomes an integral part of the description of the land.

[As to effect of patent to public land and how it may be attacked, see notes in 2 Am. Dec. 568; 12 Am. Dec. 564.]

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. Robert N. Dunn, Judge.

Action to quiet title. Judgment for defendants. *Reversed.*

McFarland & McFarland and Cyrus Happy, for Appellant.

A description and plat made by the surveyor-general from the field-notes are conclusive, and the section lines and corners as laid down in the description and plat are binding upon the general government, and upon all parties concerned. (*Beaty v. Robertson*, 130 Ind. 589, 30 N. E. 706.)

The plat, according to which lands are patented, will govern the description. (*Campbell v. Wood*, 116 Mo. 196, 22 S. W. 796; *Chapman v. Polack*, 70 Cal. 487, 11 Pac. 764; *Cornett*

*v. Dixon*, 11 Ky. Law, 315, 11 S. W. 660; *Vance v. Fore*, 24 Cal. 435; *McBride v. Whitaker*, 65 Neb. 137, 90 N. W. 966, 971; *Schufeldt v. Spalding*, 37 Wis. 662; *Golterman v. Schiereyer*, 111 Mo. 404, 19 S. W. 484, 20 S. W. 161; *Hunt v. Rowley*, 87 Ill. 491; *Perry v. Board of Commissioners*, 132 La. 415, 61 So. 511; *Kneeland v. Korter*, 40 Wash. 359, 371, 82 Pac. 608, 1 L. R. A., N. S., 745; *Jones v. Johnstone*, 18 How. (U. S.) 150, 15 L. ed. 320; *Cragin v. Powell*, 128 U. S. 691, 9 Sup. Ct. 203, 32 L. ed. 566.)

John P. Gray, W. F. McNaughton, and Crane & Craig, for Respondents.

The monuments left by the United States survey on the ground should control the description of the lands. (*Hubbard v. Dusy*, 80 Cal. 281, 22 Pac. 214.)

The monuments control even the field-notes of the official survey. (*Robinson v. Laurer*, 27 Or. 315, 40 Pac. 1012; *Stangair v. Roads* (*Roads v. Stangair*), 41 Wash. 583, 84 Pac. 405.)

Monuments control both field-notes and plats. (*Knoll v. Randolph*, 3 Neb. Unof. 599, 92 N. W. 195; *Clark v. Thornburg*, 66 Neb. 717, 92 N. W. 1056; *Unzelmann v. Shelton*, 19 S. D. 389, 103 N. W. 646.)

Courses, distances and quantities are of no assistance in determining boundaries where monuments mentioned in the return of the surveyor-general have been found in places. (*Ogilvie v. Copeland*, 145 Ill. 98, 33 N. E. 1085; *Bayhouse v. Urquides*, 17 Ida. 286, 105 Pac. 1066; *Richardson v. Bohney*, 19 Ida. 369, 114 Pac. 42; 5 Cyc. 873; *Ulman v. Clark*, 100 Fed. 180.)

There is no power that can change these monuments after land has been conveyed with reference to them. (*Cragin v. Powell*, 128 U. S. 691, 9 Sup. Ct. 203, 32 L. ed. 566.

RICE, J.—Three causes of action are set out in the complaint in this action. The first is an action to quiet title; the second for restitution of a portion of appellant's lands and premises held and claimed by respondents, and third,

to establish the corners and boundaries of appellant's land and recover damages in the sum of $1,000. The appeal is from a judgment of nonsuit and an order denying a motion for a new trial.

The patent from the government conveyed to appellant the SE. ¼ of the NW. ¼, NE. ¼ of the SW. ¼, and the lots 5 and 6 of sec. 6, Tp. 47 N., R. 3 W., B. M., Idaho, containing 160 acres according to the official plat of the survey of said land returned to the general land office by the surveyor-general. Before commencement of the action appellant had conveyed to Martin Bedoggia, one of the respondents, the E. ½ of the NE. ¼ of the SW. ¼ of sec. 6 in pursuance of a direction of the general land office. The official plat referred to in the description is here reproduced:

New North Boundary Coeur d'Alene Indian Reservation

There is no contention between appellant and respondents as to the quarter-quarter corner on the east line of the section between the east quarter corner and the northeast corner thereof. Appellant contends that the northwest corner of her tract of land is at a point designated on the plat 17.98 chains south of the northwest corner of the section. Respondents contend that the northwest corner of appellant's land is at a point equidistant from the northwest corner of

the section and the quarter corner as shown on the west boundary of the section. It is evident from the official plat that if the respondents' contention is correct, the true point of the northwest corner of appellant's land is south 2.02 chains of the point claimed by appellant. The appellant in describing her land begins at a point 2.02 chains north of the quarter corner on the west boundary line of the section and runs north 20 chains. It is evident that the line on the plat demarking the north and south halves of the section meets the west boundary line of the section 2.02 chains north of the quarter corner as shown on the plat. The original corners of the section, as established by the deputy surveyor, are all in place.

The only question involved in this case is as to the identity of the land conveyed to appellant by her patent. This court cannot inquire into the propriety of the surveyor-general's action in preparing the plat from the data furnished him by the deputy surveyor in the field. That is a matter committed by the federal statutes to the surveyor-general, subject to the supervision of the general land office. The patent having conveyed the land according to the official plat of the survey returned by the surveyor-general, the plat becomes an integral part of the description and is binding on all parties who obtain title to the land by reference thereto. (*Cragin v. Powell*, 128 U. S. 691, 9 Sup. Ct. 203, 32 L. ed. 566; *Doe v. Hildreth*, 2 Ind. 274; *Chapman v. Polack*, 70 Cal. 487, 11 Pac. 764; *Wilson v. Chicago Lumb. & Timber Co.*, 143 Fed. 705, 74 C. C. A. 529; *Goltermann v. Schiermeyer*, 111 Mo. 404, 19 S. W. 484, 20 S. W. 161; *Jefferis v. E. Omaha Land Co.*, 134 U. S. 178, 10 Sup. Ct. 518, 37 L. ed. 872; *Coles v. Yorks*, 36 Minn. 388, 31 N. W. 353.)

This is not a case of a contradiction between the official plat and the field-notes of the original survey, as respondents seem to suggest, for the plat shows on its face that it corresponds with and was prepared with reference to the actual survey. If there were discrepancies between the survey and the plat, and the description in the patent is according to

its terms to be determined according to the official plat, the official plat must control. (*Beaty v. Robertson,* 130 Ind. 589, 30 N. E. 706.)

The judgment must be reversed and a new trial ordered. Costs awarded to appellant.

Budge, C. J., and Morgan, J., concur.

### ON PETITION FOR REHEARING.

RICE, J.—A petition for rehearing has been filed in this case, in which it is earnestly contended that the opinion filed is erroneous in two particulars: First, in determining that the recitation in the patent after describing the legal subdivision as "containing 160 acres according to the official plat of the survey" causes the plat to control over the monuments in place in the field; and second, in holding that the preparing of the plat is left entirely to the surveyor-general, and that by filing a plat inconsistent with the monuments placed by the government survey he may give boundaries to the subdivisions different from those fixed by the survey on the ground.

There can be no doubt that the expression in the patent "according to the official plat of the survey of the land returned to the general land office by the surveyor-general" refers to the description of the land as well as to the quantity conveyed. (*Wilson v. Hoffman,* 70 Mich. 552, 38 N. W. 558; *Foss v. Johnstone,* 158 Cal. 119, 110 Pac. 294; *Chapman & D. Lmbr. Co. v. St. Francis Levee Dist.,* 232 U. S. 186, 34 Sup. Ct. 297, 58 L. ed. 564; *Hardin v. Jordan,* 140 U. S. 371, 11 Sup. Ct. 808, 838, 35 L. ed. 428; *Niles v. Cedar Point Club,* 175 U. S. 300, 20 Sup. Ct. 124, 44 L. ed. 171.)

The identity of the land granted is to be determined, therefore, by the official plat. The field-notes of the actual survey and the monuments set by the deputy surveyor are useful only in enabling one to lay out upon the ground the

land designated by the official plat. The survey and the plat thereof having been approved by the general land office, neither can be called in question in a collateral proceeding. (*Cragin v. Powell*, 128 U. S. 691, 9 Sup. Ct. 203, 32 L. ed. 566.) It is therefore unnecessary to determine whether the section involved in this case, being a fractional section, was properly subdivided by the plat or not, for even though the plat was made contrary to law, it still identifies and designates the land actually conveyed by the patent. See the case of *Gazzam v. Lessee of Phillips*, 61 U. S. 372, 15 L. ed. 958, which overrules the case of *Brown's Lessee v. Clements*, 3 How. 650, 11 L. ed. 767.

The petition for rehearing is denied.

Budge, C. J., and Morgan, J., concur.