· (No. 6771.   March 18, 1940.)

FRED BROCKMAN, Respondent, v. A. S. CAVINESS, Sheriff of Washington County, and ELLA BALL, Appellants.

[100 Pac. (2d) 946.]

Frank Harris, for Appellants.

Ed. R. Coulter, for Respondent.

HOLDEN, J.—November 1, 1934, respondent Brockman executed and delivered his promissory note for the sum of $4,906.67 to one Charles E. Ball. To secure the payment of the note and interest Brockman gave both a real estate and chattel mortgage. The note and mortgages were later transferred and assigned to appellant Ella Ball. Brockman thereafter made default in the payment of the note. April 8, 1939, appellant commenced suit in the District Court of the

Seventh Judicial District, in and for Washington County, to foreclose the real estate mortgage. May 1, 1939, a decree of foreclosure was entered in favor of appellant Ball and against respondent Brockman for a total of $5,580.56. May 27, 1939, the mortgaged real property was sold at sheriff's sale for $4,500, leaving a balance due of $1,080.56.

June 2, 1939, appellant Ball proceeded to foreclose the chattel mortgage by notice and sale, under sections 44–1010, 44–1011, 44–1012 and 44–1013, I. C. A. On the same day the sheriff of Washington county, A. S. Caviness, gave notice the mortgaged chattels would be sold June 10, 1939. June 9, 1939, respondent Brockman commenced this suit against appellant Ball and Caviness, as sheriff of Washington county, to enjoin and restrain the sale of the mortgaged personal property. The same day an order to show cause issued, returnable the next day, at which time the court entered an order continuing the temporary restraining order in force until the further order of the court. August 24, 1939, respondent moved for judgment on the pleadings, the motion being at once argued by counsel for the respective · parties and submitted to the court for decision. September 12, 1939, final judgment was entered making the temporary injunction permanent, from which this appeal is prosecuted.

Tracing the history of our procedure for the foreclosure of chattel mortgages, we find section 468 (now sec. 9–101, I. C. A.) of the 1881 Code of Civil Procedure, provided:

"There can be but one action for the recovery of any debt, or the enforcement of any right secured by mortgage upon real estate or personal property, which action must be in accordance with the provisions of this chapter. . . . . ''

Under that statute all chattel mortgages were required to be foreclosed by suit. At the time no other remedy was provided. In other words, the holder of a chattel mortgage had but one remedy for the enforcement of his right to subject mortgaged personal property to the payment of the debt, to secure the payment of which, the chattel mortgage was given, to wit: A suit in a court of competent jurisdiction. But in 1885 the territorial legislature (Sess. Laws 1885, p. 74) set up the machinery for summary foreclosure of chattel mortgages by notice and sale. The part of section 6 (now

sec. 44–1009, I. C. A.) of the 1885 statute, pertinent here, provided:

"Any mortgage of personal property, when the debt to secure which the mortgage was given is due, may be foreclosed by notice and sale as hereinafter provided, . . . . "

The statute providing for the summary foreclosure of chattel mortgages being incomplete in that it did not prescribe procedure to be followed where the payment of a debt was secured by both a chattel and real estate mortgage, the state legislature enacted a supplemental statute (Sess. Laws 1929, chap. 179, sec. 1, p. 317, now sec. 44–1101, I. C. A.). It provided:

"Proceedings for the foreclosure of chattel mortgages by notice and sale, pursuant to Chapter 10 of this title and amendments thereto if any, are not actions within the meaning of Section 9–101. If there be a balance unpaid on any debt or obligation secured by chattel mortgage after foreclosure of the mortgaged personal property by notice and sale under the provisions of said Chapter 10 and amendments thereto if any, and the application of the proceeds thereof on the mortgage debt or obligations and there be no mortgage on real estate securing the same debt or obligations, an action may be brought on such debt or obligation for the unpaid balance.

"If a debt or obligation be secured by mortgages on both real and personal property, all said mortgages may be foreclosed in one action in the district court having jurisdiction, or in lieu thereof, the chattel mortgage or mortgages may first be foreclosed by notice and sale under the provisions of the aforesaid chapter 10 and amendments thereto if any, and if there be any balance unpaid on the mortgage debt or obligation after application of the proceeds derived through such proceedings, an action may then be maintained in the district court having jurisdiction, for the foreclosure of the real estate mortgage to satisfy the balance remaining unpaid on such mortgage debt or obligation."

It will be noted the legislature did not, by the enactment of the 1929 statute, provide a creditor holding both a real estate and chattel mortgage could, if he chose, first foreclose his real estate mortgage, and in the event the property did

not sell for enough to fully pay the mortgage debt, then foreclose his chattel mortgage to satisfy the balance. That the legislature did not intend to give the creditor such an option is made clear by the fact it expressly provided both real estate and chattel mortgages "be foreclosed in one action." The only option the 1929 statute gives such a creditor is that he may, in lieu of foreclosing both mortgages in the same action, foreclose his chattel mortgage by notice and sale, and if the mortgaged personalty does not sell for sufficient to fully pay the mortgage debt, then he may foreclose his real estate mortgage to recover the balance. The litigant, of course, cannot fix his own procedure. He must follow that provided by the legislature. That procedure is (following the order in which it is prescribed by the legislature), first: Where a chattel mortgage only is given to secure the payment of a debt, and is foreclosed by notice and sale, and the property does not sell for enough to pay the debt, an action may then be brought to recover the unpaid balance. Secondly: When the payment of a debt is secured by a chattel as well as a real estate mortgage, then and in such case, both "may be foreclosed in one action in the district court having jurisdiction, or in lieu thereof, the chattel mortgage or mortgages may first be foreclosed by notice and sale . . . . and if there be any balance unpaid on the mortgage debt or obligation after application of the proceeds derived through such proceedings, an action may then be maintained in the district court having jurisdiction, for the foreclosure of the real estate mortgage to satisfy the balance remaining unpaid on such mortgage debt or obligation."

Appellant, however, contends the provisions of the 1929 statute are directory and not mandatory, and therefore need not be strictly followed. In discussing the contention we must bear in mind the 1929 statute simply added greatly needed provisions to complete an already existing procedure for the summary foreclosure of chattel mortgages, which statute, being purely supplemental, became and formed a part of such summary procedure. The 1929 statute merely broadened the scope of existing procedure. And while we have not determined whether the provisions of the 1929 statute are mandatory, or simply directory, this court in several

cases has held the provisions of the 1885 (summary fore-closure) statute were mandatory and must be strictly fol-lowed. The first case to which we direct attention is *Rein v. Callaway*, 7 Ida. 634, 638, 65 Pac. 63. In that early case we held it was the clear intention of the legislature in enacting sections 3390 and 4520, Revised Statutes (now secs. 44–1009 and 9–101, *supra*) "to provide exclusive remedies or pro-ceedings for the foreclosure of mortgages on personal prop-erty." In a later case, *First Nat. Bank of Pocatello v. Pol-ing*, 42 Ida. 636, 643, 248 Pac. 19, we held:

"The provisions of law relative to the summary foreclosure of chattel mortgages must be strictly followed."

And both cases were cited with approval in *Garrett v. Soucie*, 46 Ida. 289, 293, 267 Pac. 1078.

In a more recent case, *Peterson v. Hailey Nat. Bank*, 51 Ida. 427, 431, 6 Pac. (2d) 145, we said:

"This court, in interpreting the above statute [summary foreclosure], has consistently followed the rule that 'the pro-visions of law relative to the summary foreclosure of chattel mortgages must be strictly followed.'"

And that:

"Said provisions are 'mandatory and must be strictly com-plied with.'"

█ Although the facts in the above cited cases were dif-ferent, nevertheless, the question presented was as to whether the procedural provisions of the 1885 summary foreclosure statute were mandatory, and this court not only held they were but further held it was the clear intention of the legis-lature in the enactment of sections 3390 and 4520, Revised Statutes, "to provide exclusive remedies or proceedings for the foreclosure of mortgages on personal property," and that "the provisions of law relative to the summary foreclosure of chattel mortgages must be strictly followed." Further-more:

"Where [as in the case at bar] the language of a legisla-tive enactment is clear, then the court cannot speculate upon the intentions of the legislature, but must accept the inter-pretation of the act as it appears therein." (*Empire Copper Company v. Henderson*, 15 Ida. 635, 99 Pac. 127.)

It follows, from what has been said, the procedural provisions of the 1929 supplemental statute must likewise be held to be mandatory and exclusive, and that they too must be strictly followed.

Judgment affirmed. Costs awarded to respondent.

Ailshie, C. J., and Budge, J., concur.

GIVENS, J., Dissenting.—The implication from the majority holding is that where a party holds both real and chattel mortgages as security for a debt and forecloses the real estate mortgage prior to the foreclosure of the chattel mortgage, thus not following the order of procedure prescribed in section 44–1101, I. C. A., and the real estate does not sell for enough to pay the debt, the mortgagee loses the right to recover such balance by foreclosure of the chattel mortgage.

This conclusion is based on the premises that as the provisions with regard to the foreclosure of a chattel mortgage must be strictly followed, so must the order in which real and chattel mortgages are to be foreclosed as provided by section 44–1101, I. C. A., and that there can be but one action for the recovery of a debt secured by mortgage. (Sec. 9–101, I. C. A.)

With regard to the latter premise, section 44–1101, I. C. A., expressly provides that foreclosure of chattel mortgage by notice and sale (the form of foreclosure involved herein) is not an ''action'' within the meaning of said section 9–101, I. C. A.

Conceding the order prescribed by section 44–1101, I. C. A., should be followed, is the penalty for non-observance forfeiture by the mortgagee of the debt and remaining security? The statute does not so provide. Forfeitures are not favored but abhorred. (*Abercrombie v. Stoddard,* 39 Ida. 146, 228 Pac. 232; *Zezi* v. *Lightfoot,* 57 Ida. 707, 68 Pac. (2d) 50.)

Respondent acquiesced in the foreclosure of the real estate mortgage. He knew of the chattel mortgage since he was mortgagor therein, but interposed no objection to the inverted foreclosure and thereby in effect waived any objection thereto.

(*Johnson* v. *Kaeser,* 196 Cal. 686, 239 Pac. 324, 329; 67 C. J. 289 et seq.)

On the identical point herein, i. e., incorrect order of foreclosure and necessity of adherence to the requirement of but one action, the courts have granted the right to enforce full payment of the debt by a second or further foreclosure. (*Gerig* v. *Loveland,* 130 Cal. 512, 62 Pac. 830; *Hagan* v. *Cowan,* 35 Ariz. 334, 278 Pac. 68.)

The judgment should be reversed and the cause remanded with directions to permit the foreclosure of the chattel mortgage by notice and sale to proceed.

Morgan, J., concurs in this dissent.

Petition for rehearing denied.