321 P.2d 210

William L. ROOS and Ethel A. Roos, husband and wife, Plaintiffs-Respondents,

v.

William G. BELCHER and Mabel M. Belcher, husband and wife, and Louise Lykins, a single woman, Defendants-Appellants.

No. 8610.

Supreme Court of Idaho.

Jan. 29, 1958.

Clemons, Skiles & Green, Boise, for appellants.

Richards, Haga & Eberle, Boise, for respondents.

a trust deed to Title and Trust Company, as trustee, for the use and benefit of the plaintiffs (respondents), as beneficiaries. The deed was given to secure the payment of a promissory note of even date, executed by defendants and payable to plaintiffs, the beneficiaries, in installments of $25 per month, commencing April 23, 1957. Defendants defaulted, in their failure to pay the first installment. The trustee filed notice of default April 25, 1957, and after giving notice of trustee's sale, and in other respects complying with terms of trust deed and the applicable provisions of Chapter 181 of the Idaho Session Laws 1957, the trustee sold the property described in the trust deed to the plaintiffs on August 26, 1957. The amount bid was equal to the amount due upon the note secured by the trust deed, and was the highest bid. The trustee executed and delivered its deed conveying the property to the plaintiffs. Thereafter, plaintiffs commenced this action against the defendants to quiet the title thus acquired.

In the trial court and on this appeal, defendants contend that the trust deed is in effect a mortgage and that the attempted foreclousre by notice and sale is invalid, and that no judicial foreclosure having been made, they have a right to redeem the property. In support of this contention they urge that Chapter 181 of the 1957 Session Laws is unconstitutional on the ground that sale without judicial proceedings and without right of redemp-

TAYLOR, Justice.

March 23, 1957, defendants (appellants), husband and wife, executed and delivered

tion, as authorized by that act, deprives them of their property without due process of law, in violation of art. 1, §§ 1 and 13, of the Constitution of Idaho, and the Fourteenth Amendment to the Constitution of the United States.

The statutory right of redemption, following an execution sale of real property, given by §§ 11–310, 11–401 and 11–402, I.C., and following judicial foreclosure of a mortgage, given by § 6–101, I.C., is expressly denied to the grantor in a trust deed by § 8, Chapter 181, Laws of 1957, where the sale is made by the trustee by notice and sale, or advertisement and sale, pursuant to the power contained in the deed and the applicable provisions of said Chapter 181. The legislative withdrawal of this legislatively given right of redemption is not a denial of due process, where the withdrawal is effected only in cases where the property owner by his contract so agrees. By the terms of their trust deed and the applicable law the defendants agreed to, and authorized, the sale of the property by the trustee without judicial proceedings and without a right in them to redeem. The statute authorizing trust deed with power of sale in cases coming within its terms, is a recognition of the right of a property owner, as an incident of ownership, to dispose of his property on terms agreeable to himself. ⸱ ⸱

"* * * There is nothing in the law of mortgages, nor in the law that covers what are sometimes designated as 'trust deeds in the nature of mortgages,' which prevents the conferring by the grantor or mortgagor in such instrument of the power to sell the premises described therein upon default in payment of the debt secured by it, and, if the sale is conducted in accordance with the terms of the power the title to the premises granted in that way of security passes to the purchaser upon its consummation by a conveyance." Bell Silver & Copper Mining Co. v. First Nat. Bank of Butte, 156 U.S. 470 at page 477, 15 S.Ct. 440 at page 443, 39 L.Ed. 497 at page 501.

■ As to the contention that the trust deed given as security for the payment of a debt is in effect a mortgage, and as such must be foreclosed by judicial proceedings, we note that by § 16 of Chapter 181, '57 Laws, § 45–901, I.C., defining "mortgage", was amended to eliminate "a trust deed or transfer in trust", and § 45–904, I.C., providing in effect that a transfer of property made only as security is to be deemed a mortgage, was also amended to eliminate a trust deed from its operation. Likewise, other provisions of the mortgage laws were appropriately amended to draw a distinction between a trust deed or transfer in trust and a mortgage. The result of these changes is that § 6–101, I.C., providing in effect that a mortgage can be foreclosed only by judicial action, and § 6–104, I.C., to the effect that a mortgagee cannot recover possession without a foreclosure sale,

are not applicable to proceedings for the foreclosure of a trust deed by advertisement or notice and sale as authorized by Chapter 181, 1957 Laws. ´ A trust deed "may be foreclosed by advertisement and sale in the manner hereinafter provided, or, at the option of beneficiary, by foreclosure as provided by law for the foreclosure of mortgages on real property." § 3, Chap. 181, Laws 1957.

Observance of due process as to notice is required by the provisions of said Chapter 181. Section 5 thereof requires the recording of the trust deed and any assignment thereof as well as any change in the office of trustee; the filing for record by the trustee of notice of default; and that a copy of such notice be given by registered or certified mail to any person requesting such notice of record. Section 6 requires that notice of trustee's sale be given following notice of default, at least 120 days before the day fixed for the sale; that such notice be given by registered or certified mail to the last known address of the grantor and to any person requesting notice of record; likewise, to any successor in interest of the grantor where his interest appears of record or where the trustee or beneficiary has actual notice thereof, or where the successor in interest is in possession of the property; to any lessee or other person in possession; also to any person having a lien or interest subsequent to the interest of the trustee, where such lien or interest appears of record, or where the trustee or beneficiary has actual notice thereof.

Section 6 also details the contents of such notice from which it appears adequate information is given to inform the recipient, so that he may be advised and act thereon for the protection of his interest. The section further provides for personal service of the notice upon occupants of the property and for posting thereof upon the property if it is unoccupied; also, that the notice shall be published in a newspaper of general circulation in each of the counties in which the property is situated, once a week, for four successive weeks, the last publication to be 30 days prior to the date of sale; and affidavits of mailing, of posting, and of publication of notice of sale, are required to be recorded at least 20 days prior to the date of sale. Subsection (12) of § 6 provides that the grantor, or any successor in interest, or any person having a subordinate lien or encumbrance of record, at any time within 115 days of the recording of the notice of default, may pay the obligation secured by the trust deed, or such part thereof as is in default, and thus redeem the property or cure the default, as the case may be.

In Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865, the supreme court considered the requirements of due process in relation to the duties of a trustee in the closing of a trust estate. There it is said:

" \* \* \* 'The fundamental requisite of due process of law is the opportunity to be heard.' Grannis v. Ordean, 234 U.S. 385, 394, 34 S.Ct. 779, 783, 58 L.Ed. 1363, [1368]. This right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest.

\* \* \* \* \* \*

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. (Citations). The notice must be of such nature as reasonably to convey the required information, \* \* \* and it must afford a reasonable time for those interested to make their appearance. (Citations)." 339 U.S. 306, 70 S.Ct. at page 657, 94 L.Ed. at page 873.

It was also held in Hamilton v. Brown, 161 U.S. 256, 16 S.Ct. 585, 40 L.Ed. 691, that notice necessary to due process is afforded by actual notice to all known claimants, and constructive notice by publication to those unknown.

■ We think the requirements of Chapter 181, as to notice and opportunity to be heard, are sufficient to meet the constitutional requirements of due process. Strict compliance with the terms of both the trust deed and the statute is required. Garrett v. Soucie, 46 Idaho 289, 267 P. 1078; McDougall v. Kasiska, 48 Idaho 424, 282 P. 943, certiorari denied 50 S.Ct. 347, 281 U.S. 740, 74 L.Ed. 1154; Shillaber v. Robinson, 97 U.S. 68, 24 L.Ed. 967; Bell Silver & Copper Mining Co. v. First Nat. Bank of Butte, Mont., 156 U.S. 470, 15 S.Ct. 440, 39 L.Ed. 497. Moreover, the courts are always open to hear and determine the complaint of any interested party deeming himself aggrieved by the notice and sale proceedings had under a trust deed.

Trust deeds with power of sale in the trustee are upheld in other jurisdictions where the same constitutional due process requirement is in effect. Koch v. Briggs, 14 Cal. 256, 73 Am.Dec. 651; Shillaber v. Robinson, 97 U.S. 68, 24 L.Ed. 967; First Nat. Bank of Butte v. Bell Silver & Copper Mining Co., 8 Mont. 32, 19 P. 403; 156 U.S. 470, 15 S.Ct. 440, 39 L.Ed. 497; 59 C.J.S. Mortgages § 7; Sacramento Bank v. Alcorn, 121 Cal. 379, 53 P. 813; Younger v. Moore, 155 Cal. 767, 103 P. 221; New Blue Point Mining Co. v. Weissbein, 198 Cal. 261, 244 P. 325, 45 A.L.R. 781.

This court has upheld a statute providing for foreclosure of chattel mortgages by notice and sale. Givens v. Keeney, 7 Idaho 335, 63 P. 110; Garrett v. Soucie, 46 Idaho 289, 267 P. 1078; Brockman v. Caviness, 61 Idaho 254, 100 P.2d 946; Arens v. Scheele, 63 Idaho 189, 119 P.2d 261. See

also, Cunnius v. Reading School Dist., 198 U.S. 458, 25 S.Ct. 721, 49 L.Ed. 1125.

■ Defendants also contend Chapter 181 is unconstitutional on the ground that it is unreasonably discriminatory in that it permits the use of trust deeds as security only in cases where the conveyance is "of an area not exceeding three acres". § 3, Ch. 181, Laws 1957. It is claimed that fixing three acres as a limit is an arbitrary classification of property without reasonable basis and, therefore, a denial of equal protection to property owners.

The public policy declared by the act is:

"Whereas, the availability of more adequate financing for home construction and business expansion is essential to the developmnet of the State of Idaho, and Whereas such financing for real estate of not more than three acres is more available with little or no equity in the borrower and on amortization terms over a long period of years and by the use of deeds of trust as herein provided;

"Now Therefore, the use of deeds of trust of estates in real property of not more than three acres as hereinafter provided is hereby declared to be the public policy of the State of Idaho." § 1, Chap. 181, Laws 1957.

Plaintiffs' showing in support of the classification is that government guaranteed loans, such as FHA and veterans' loans are currently available to borrowers building or buying homes, or small businesses, with small initial payments, providing little or no equity in the borrower; that such transactions generally involve three acres or less; that in such cases judicial foreclosure and sale with its attendant period of redemption, during all of which the borrower remains in possession, does not afford equitable protection or relief to the lender; and that in cases of larger acreages, loans are generally made to borrowers who have a substantial equity in the property given as security.

This showing is sufficient. No contrary showing is made by defendants. The classification is reasonable and responsive to the legitimate purpose of the act, and is therefore not unconstitutionally discriminatory.

" * * * The question of classification is primarily for the Legislature, and before a court can interfere with the legislative judgment, it must be able to say that there is no fair reason for the law that would not require with equal force its extension to others whom it leaves untouched; and the burden of showing that the law is unreasonable and arbitrary rests upon the one who assails it." Big Wood Canal Co. v. Chapman, 45 Idaho 380 at page 403, 263 P. 45, at page 53.

" * * * It is recognized that the legislature has broad discretionary

power to make classifications of persons and property for all purposes which it may lawfully seek to accomplish. So long as the classifications are based upon some legitimate ground of difference between the persons or objects classified, are not unreasonable or arbitrary, and bear a reasonable relation to the legislative purpose, such classifications do not violate the constitution." Newland v. Child, 73 Idaho 530 at pages 539–540, 254 P.2d 1066 at page 1071.

See also State v. Horn, 27 Idaho 782, 152 P. 275; State ex rel. Anderson v. Rayner, 60 Idaho 706, 96 P.2d 244; John Hancock Mut. Life Ins. Co. v. Haworth, 68 Idaho 185, 191 P.2d 359; State v. Evans, 73 Idaho 50, 245 P.2d 788; Atchison, Topeka & Santa Fe R. Co. v. Matthews, 174 U.S. 96, 19 S.Ct. 609, 43 L.Ed. 909; Bayside Fish Flour Co. v. Gentry, 297 U.S. 422, 56 S.Ct. 513, 80 L.Ed. 772; Asbury Hospital v. Cass County, 326 U.S. 207, 66 S.Ct. 61 90 L.Ed. 6.

■ Defendants also urge that Chapter 181 is unenforceable because certain typographical errors therein render it ambiguous and uncertain. In support, they call attention to the fact that § 8 thereof, providing that the trustee's sale terminates the interest in the property "of all persons to whom notice is given under subsection (2) of Section 5 of this Act"; whereas subsection (2) of § 5 contains no requirement for notice of any kind. It is subsection (2) of § 6 which provides for the giving of no-tice of trustee's sale, and the persons to whom such notice shall be given. Defendants also call attention to § 10, which provides that "the recitals contained in the deed and in the affidavits required under Section 5, subsection (7), of this Act, shall be prima facie evidence in any court of the truth of the recitals and the affidavits"; whereas, § 5 contains no subsection (7), and no provision requiring affidavits. It is subsection (7) of § 6 which requires the making and recording of the affidavits of mailing, of posting, and of publication of the notice of sale. These are obviously clerical errors or misprints such as this court has repeatedly held should be corrected by the courts. State v. Mulkey, 6 Idaho 617, 59 P. 17; Fletcher v. Gifford, 20 Idaho 18, 115 P. 824; Frontier Milling & Elevator Co. v. Roy White Co-op. Mercantile Co., 25 Idaho 478, 138 P. 825; Smallwood v. Jeter, 42 Idaho 169, 244 P. 149; State ex rel. Graham v. Enking, 59 Idaho 321, 82 P.2d 649; Keenan v. Price, 68 Idaho 423, 195 P.2d 662; Knight v. Class A School Dist. No. 2, 76 Idaho 140, 278 P.2d 991; Eberle v. Nielson, 78 Idaho 572, 306 P.2d 1083; State v. Witzel, 79 Idaho 211, 312 P.2d 1044; see also, Lamons v. Yarbrough, 206 Ga. 50, 55 S.E. 2d 551, 11 A.L.R.2d 717; 50 Am.Jur., Statutes, § 232.

The references in §§ 8 and 10 are to be read as references to § 6, instead of § 5.

■ Defendants also contend that they are not bound by provisions incorporated

in the trust deed given by them, which are incorporated therein by reference to certain provisions contained in a trust deed given by other grantors and conveying entirely different property. The instrument referred to is identified by giving the names of the grantors and the grantees, the date of recording, instrument number, book and page, and the county where that instrument is recorded, as well as a specific and definite identification of the provisions thereof which are incorporated in the deed herein by such reference. The reference being definite and certain, and being to an instrument which is recorded in a public office, accessible to all interested parties, we find no legal objection to such incorporation, and none has been called to our attention. See Boise City v. Hon, 14 Idaho 272, 94 P. 167; Sala v. Crane, 31 Idaho 191, 170 P. 92; Pierce v. Adams, 137 Me. 281, 18 A.2d 792, 134 A.L.R. 1033; 59 C.J.S. Mortgages § 109; 36 Am.Jur., Mortgages, § 45.

Defendants make no complaint of any error, omission, or irregularity in the notice and sale proceedings had in this case. It appears that such proceedings fully complied with the terms of both the trust deed and the statute.

The decree of the district court quieting title in the plaintiffs is affirmed.

Costs to respondents.

KEETON, C. J., and PORTER, SMITH and McQUADE, JJ., concur.