350 P.2d 740

Ralph **LITTLE**, L. J. Garner, E. C. Morehouse, Harold Huskey and Clifford Wilde, Plaintiffs-Appellants,

v.

NAMPA–MERIDIAN IRRIGATION DISTRICT, and Dan Barker, William Wymer and Elmer Tiegs, as Directors of said Nampa-Meridian Irrigation District, Defendants-Respondents.

No. 8769.

Supreme Court of Idaho.

March 28, 1960.

Laurence N. Smith, Dean E. Miller, Caldwell, for appellants.

Anderson, Kaufman & Anderson, Boise, for respondents.

TAYLOR, Chief Justice.

Plaintiffs (appellants) are owners of lands within the boundaries of the defendant (respondent) Nampa-Meridian Irrigation District. The tracts owned by plaintiffs are parts of lands within the district commonly known and referred to as "Boise Project lands," or "Government Project lands," hereinafter referred to as project lands.

Plaintiffs brought this action on behalf of themselves and other project land owners to compel the board of directors of the irrigation district to make its annual assessment for operation and maintenance uniform upon all lands within the district. The action is specifically concerned with the assessments made by the board of directors at its meeting on September 4, 1956. The assessment levied upon project lands was at a higher rate per acre for the same quantity of water delivered than the assessment levied upon "Ridenbaugh lands."

The Nampa-Meridian Irrigation District is comprised of approximately 27,000 acres of "Ridenbaugh lands" and 40,000 acres of project lands.

The Ridenbaugh irrigation system was privately constructed about the year 1890 for the irrigation of the Ridenbaugh lands in the Boise valley by means of water diverted from the Boise river. The Nampa-Meridian Irrigation District was organized in 1905, and acquired the Ridenbaugh system and water rights, subject to the vested rights of the land owners. The Boise Project was constructed by the Federal Bureau of Reclamation in 1909, and encompasses approximately 165,000 acres of land in the Boise valley. The main canal of this project, the New York canal, diverts water from the Boise river about four miles above the Ridenbaugh diversion. The water for the project is principally flood water, and water stored in the Arrowrock, Anderson Ranch, and Deer Flat reservoirs. About 40,000 acres of the Boise Project lands are situate within the boundaries of the Nampa-Meridian Irrigation District. Some of the Boise Project lands within the district are served with Boise Project water, through the Ridenbaugh canal system, which was enlarged by the reclamation bureau for that purpose. The remainder of the project lands within the district are served with project water through the project distribution system. Other lands of the Boise Project are located within the boundaries of four other irrigation districts.

Prior to 1926 the Boise Project system was controlled and operated, and the charges for operation and maintenance were determined and imposed, by the Federal Bureau of Reclamation. In 1926, by means of contracts entered into by the United States and the five irrigation districts in which project lands are located, the operation and control of the project irrigation system, with exception of the dams, reservoirs and head works, were vested in the Boise Project Board of Control. The Board of Control is composed of representative directors from the boards of the five irrigation districts. The contract between the government and the Nampa-Meridian Irrigation District effecting the transfer of control is known as the 1926 contract.

Under the federal law the owner of land in a federal reclamation project is required to pay, in advance, annual charges or tolls levied and collected to cover the cost of operation and maintenance, on the basis of the amount of water delivered. U.S.C.A., Title 43, § 492. The time of payment and penalties for nonpayment are fixed by §§ 493 to 496, inclusive. Section 477 of Title 43 authorizes the Secretary of the Interior to appoint an irrigation district "as the fiscal agent of the United States to collect the annual * * * charges for operation and

maintenance and all penalties," and further provides:

"*Provided*, That no water-right applicant or entryman shall be entitled to credit for any payment thus made until the same shall have been paid over to an officer designated by the Secretary of the Interior to receive the same."

Sections 498 and 499 authorize the transfer of the management of irrigation works, except reservoirs and works necessary for their protection, to the owners of the lands irrigated thereby, "under such rules and regulations as may be acceptable to the Secretary of the Interior."

Section 500 of Title 43 makes it the duty of the irrigation district to take over the care, operation and maintenance of the project works "subject to such rules and regulations as the Secretary may prescribe."

By Chapter 143, Idaho Session Laws 1915, irrigation districts within this state were authorized to contract with the United States under the federal statutes above referred to. I.C. Title 43, Ch. 18.

I.C. § 43–1812 authorizes an irrigation district to act as fiscal agent of the United States, to make collection of moneys for and on behalf of the United States in connection with a federal project.

I.C. § 43–1820 requires an irrigation district to administer works constructed under the provisions of a contract with the United States in accordance with the provisions of the Act of Congress.

I.C. §§ 43–1821 through 43–1828 provide for the making and collection of annual assessments for operation and maintenance and procedure and penalties applicable thereto.

I.C. § 43–1824 specifically provides that the assessment for operation and maintenance "shall be apportioned pursuant to the provisions of section 5 of the Act of Congress of August 13, 1914." U.S.C.A., Title 43, § 492, supra.

Under the 1926 contract, the Board of Control is authorized to, and it does, determine annually the necessary operation and maintenance charge to be paid by the owners of land within the Boise Project, including those within the defendant irrigation district. Upon receipt of notice of such determination, it becomes the duty of the board of directors of the defendant district to make an annual levy upon the project lands within its boundaries, in the amount determined by the Board of Control. The assessment is spread over the project lands within the district uniformly on the basis provided by the federal and state statutes, and by the contract of 1926.

The 1926 contract was authorized and approved at a special election within the defendant district prior to its execution, at which election the plaintiffs or their prede-

cessors were entitled to vote. Thereafter, the proceedings of the district, its board of directors, and electors, leading to the execution of the contract, were approved and confirmed by judgment of the District Court of the Seventh Judicial District, in and for Canyon County. Notice and opportunity to be heard were given to all project land owners, within the district, before the judgment of confirmation was entered.

At the trial of the present cause a stipulation of the facts was entered into by the parties containing, among other things, the following:

"That the Board of Directors of Nampa & Meridian Irrigation District does not determine the amount of, and has no authority to determine the amount of, any toll or assessment for operation and maintenance upon any of the so-called 'Government' lands referred to in plaintiff's complaint, or to levy any assessment therefor excepting only for the collection of the tolls and charges fixed and levied by the Board of Control on such lands, and pursuant to the district's obligation under the so-called 1926 contract."

This stipulation is in accord with the federal and state statutes and the contract of 1926. Under such laws and contract the defendant board of directors is without power to alter the annual assessment upon

project lands as determined and announced by the Board of Control.

In levying and collecting assessments to cover the tolls and charges determined upon by the Board of Control, the defendant district acts merely as fiscal agent of the United States and of the Board of Control.

The defendant board of directors has the duty and authority to, and it does, determine annually the amount of the assessment necessary for the operation and maintenance of the Ridenbaugh canal system, which is under its sole jurisdiction and control. The assessment for such purpose is spread uniformly over the so-called Ridenbaugh lands. Such assessment is necessarily lower than the assessment upon the project lands for the reason that, in the absence of an unusual emergency, the cost of operating and maintaining the Ridenbaugh diversion and distribution system is less, per acre-foot of water delivered, than the cost of operating and maintaining the works and system of the Boise Project.

In support of their contention that the levies made by the board of directors must be uniform upon both project and Ridenbaugh lands, the plaintiffs cite I.C. § 43-701, which, among other things, provides:

"The amount of said assessment designated operation and maintenance fund shall be spread upon all the lands

in the district and shall be proportionate to the benefits received by such lands growing out of the maintenance and operation of the said works of said district."

This requirement of uniformity of assessment has been held applicable in irrigation districts where no federal project lands were involved. Colburn v. Wilson, 24 Idaho 94, 132 P. 579; Gedney v. Snake River Irrigation District, 61 Idaho 605, 104 P.2d 909.

I.C. § 43–701, containing the provision above quoted, was enacted some years prior to the acts of 1915 and 1917, providing for cooperation by irrigation districts with the federal government in federal reclamation projects. The later acts are now codified in the various sections of chapter 18, of Title 43, Idaho Code.

 In case of a conflict between an earlier and later act of our legislature, the later act prevails. Lloyd Corporation v. Bannock County, 53 Idaho 478, 25 P.2d 217; 82 C.J.S. Statutes, § 368. To the extent that there is any conflict in the provisions of chapter 7, of Title 43, with the provisions of chapter 18, of Title 43, the latter must prevail.

The defendant district, acting through its board of directors, has fully complied with the law in making the assessment required by the determination of the Board of Control on project lands within the district, and has fully complied with the requirements of I.C. § 43–701 in making the assessments upon Ridenbaugh lands within the district, and has no authority to change either assessment to conform to the prayer of plaintiff's complaint.

Judgment affirmed.

Costs to respondents.

SMITH, KNUDSON, McQUADE and McFADDEN, JJ., concur.