377 P.2d 950

Freeman W. GOWEN, Plaintiff-Appellant,

v.

Lester DAVIS, Defendant-Respondent.

No. 9072.

Supreme Court of Idaho.

Jan. 18, 1963.

Earl E. Reed, Nampa, for appellant.

Frank F. Kibler, Nampa, Wayne P. Fuller, Caldwell, for respondent.

TAYLOR, Justice.

In March, 1956, defendant (respondent) Lester Davis employed Max Lloyd and Merle Morris to transplant two evergreen trees growing on property owned by him in Canyon county. A portion of the Davis property was occupied by motel cabins. Removal of the trees to a new location became necessary to permit improvements planned by Davis. Lloyd and Morris were at that time partners, doing business under the name of Canyon Tree Service. It was orally agreed between Davis and the partners that Davis would excavate around the trees, ball the roots, and otherwise prepare them for moving, and that the partners with their equipment would move the trees to new holes prepared therefor by Davis. The agreed consideration was $5 per hour. The partners estimated the total cost of the job at $50, and that was the amount paid by Davis when the job was completed.

March 29, 1956, immediately after the lunch hour, Lloyd and Morris came to Davis' premises with a truck upon which was mounted a hoist and winch. The truck was backed up to one of the trees with its rear wheels upon a sidewalk adjacent to the excavation. After the ropes and tackle were fastened to the tree, or the balled earth beneath it, an attempt was made to lift the tree. The weight tended to overbalance the truck, and lifting of the front end off the

ground appeared imminent. Whereupon the plaintiff (appellant) Gowen and two other bystanders climbed upon the front end of the truck for the purpose of holding it down with their weight while the tree was lifted out of the hole. Lloyd was in the cab operating the truck and the winch, and Morris was on the ground observing the operation and giving signals to Lloyd.

When the balled roots of the tree had cleared the embankment, he signalled to Lloyd to move forward. As the truck moved forward the rear wheels dropped off the sidewalk—a drop of two or three inches—and the load overbalanced the truck, suddenly raising the front end thereof. Plaintiff was thrown from his position on the fender of the truck and landed on a mound of earth on his back, causing serious injury.

Gowen brought this action against Davis, seeking to recover damages for the injury sustained by him. In his complaint he alleged that Lloyd and Morris were employees and agents of the defendant in the moving of the trees; that defendant had invited plaintiff, a neighbor, to come upon the Davis premises and inspect the tree-moving operation; that in the presence of the defendant, and at the request of defendant's agents and employees, the plaintiff went upon the front end of the truck to assist in holding it down; that the overbalancing of the truck and plaintiff's re-

sulting injury were caused by negligence of defendant and his employees in the overloading of the hoist and the negligent manner in which they attempted to remove the tree.

■ Upon trial there was no evidence that defendant or either of the partners requested plaintiff to assist in the tree-moving operation, or to climb upon the truck. The evidence is conflicting as to whether defendant invited plaintiff to witness the operation, and also as to whether defendant was personally present at the time of the accident. In either event, plaintiff's presence upon defendant's premises was that of a bystander, and did not arise out of any business relation between the parties, and had no connection with any business carried on on the premises by the defendant. The legal status of the plaintiff was that of a licensee only, as to whom defendant owed no duty other than to avoid wilfully or wantonly injuring him, and to refrain from knowingly exposing him to dangerous hazards or instrumentalities existing on the premises, and which were unknown to the plaintiff. Wilson v. Bogert, 81 Idaho 535, 347 P.2d 341; 65 C.J.S., Negligence, § 35; 38 Am.Jur., Negligence, § 104; 2 Restatement of the Law of Torts, §§ 330 and 340. See also: Yeager v. Chapman, 233 Minn. 1, 45 N.W.2d 776, 22 A.L.R.2d 1260; Strand Enterprises v. Turner, 233 Miss. 588, 78 So.2d 769, 47 A.L.R.2d 1431.

■ The danger to which plaintiff voluntarily exposed himself, when he climbed upon the fender of the truck, was not a hidden or latent danger. It was as well known and obvious to the plaintiff as to anyone else present. See 2 Restatement of the Law of Torts, § 340.

■ The court correctly determined that the relationship between defendant Davis and the partners Lloyd and Morris was that of principal and independent contractor. The partners were engaged in the independent business of contracting for, and removing, transplanting and trimming trees. Their work, so far as Davis was concerned, was a special, casual job, having no relation to the motel or trailer court business conducted by Davis. The only right of direction or control reserved by Davis was to see that the trees were moved to the new location without damage to the trees. The time, manner, means and method were to be determined by the partners. The contract was for the complete job. Davis could not have terminated the work without incurring a liability to the partnership. Davis could not have ruled off the job either partners or their equipment, and retained the other. The contract was for services of operators *with* the necessary equipment. The partners could operate the equipment themselves or employ others to do so for them. National Trailer Convoy, Inc. v. Employment Sec. Agency, 83 Idaho 247, 360 P.2d 994; Mer-

rill v. Duffy Reed Construction Co., 82 Idaho 410, 353 P.2d 657. Thus the partners Lloyd and Morris were not employees, servants or agents of the defendant Davis, and any liability which they may have incurred by allowing the plaintiff or other bystanders to climb upon the front of the truck, was not imputable to defendant Davis. 65 C.J.S. Negligence § 92b; 38 Am.Jur., Negligence, § 253.

■ Plaintiff also assigns error in the ruling of the court rejecting his offer of exhibit 23. This exhibit was an affidavit made jointly by Lloyd and Morris purporting to relate the facts leading to plaintiff's injury. The offer was made while Lloyd was on the stand as a witness for plaintiff. On his cross-examination, exhibit 22 was admitted in evidence, which was a written statement made by Lloyd to an insurance representative some twenty days after the accident, and containing statements in conflict with his present testimony. On redirect examination plaintiff sought the admission of exhibit 23, to counteract or impeach statements made in exhibit 22. The witness testified that exhibit 23 contained statements made by his partner, Morris, which the witness could not make of his own

knowledge, and that he would have difficulty in attempting to segregate the statements contained in the affidavit. No attempt at segregation was made. Morris was not called as a witness and statements made by him in the affidavit would be hearsay. Furthermore, counsel for plaintiff advised the court that in his opinion there was nothing further in the affidavit which was necessary for him to put in evidence. The affiant was on the stand and had every opportunity to explain or contradict any statement contained in exhibit 22. The exclusion of exhibit 23 was proper.

■ The evidence being such that a verdict and judgment for the plaintiff could not be upheld, the court did not err in ordering a directed verdict. Nissula v. So. Idaho Timber Protective Ass'n, 73 Idaho 37, 245 P.2d 400; Allan v. Oregon Short Line R. Co., 60 Idaho 267, 90 P.2d 707; Bowman v. Bohney, 36 Idaho 162, 210 P. 135; Hargis v. Paulsen, 30 Idaho 571, 166 P. 264.

Judgment affirmed.

Costs to respondent.

KNUDSON, C. J., and McQUADE, McFADDEN and SMITH, JJ., concur.