No. 45,584

June M. Westover, *Appellant,* v. Donna Schaffer, *Appellee.*

(468 P. 2d 251)

Opinion filed April 11, 1970.

*Payne H. Ratner, Jr.,* of Ratner, Mattox, Ratner, Ratner, & Barnes, of Wichita, argued the cause, and *Patrick L. Dougherty* of the same firm was with him on the brief for the appellant.

*Robert L. Howard,* of Foulston, Siefkin, Powers, Smith & Eberhardt, of Wichita, argued the cause, and *Robert C. Foulston* of the same firm was with him on the brief for the appellee.

The opinion of the court was delivered by

Harman, C.: This suit challenges constitutionality of our automobile guest statute (K. S. A. 8-122b).

The action was submitted to the trial court upon stipulated facts. We need state only that plaintiff, a guest passenger in an automobile driven by defendant, allegedly was injured in a collision with a utility pole as a result of defendant's ordinary negligence. Plaintiff stipulated there was no evidence of any acts by defendant which would constitute gross and wanton negligence under the provisions

of K. S. A. 8-122b. The trial court denied plaintiff's assertion of unconstitutionality of that statute and pursuant to its provisions, rendered judgment for defendant. Plaintiff has appealed.

Appellant's principal contention is the act is invalid because its title contravenes article 2, section 16 of our state constitution which, so far as material, provides:

"No bill shall contain more than one subject, which shall be clearly expressed in its title. . . ."

K. S. A. 8-122b is titled:

"An Act relating to the right of a guest of the owner or operator of a motor vehicle in case of accident." (Laws 1931, Chap. 81.)

The statute provides:

"That no person who is transported by the owner or operator of a motor vehicle, as his guest, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or damage, unless such injury, death or damage shall have resulted from the gross and wanton negligence of the operator of such motor vehicle."

Appellant contends the title does not clearly express the subject of the act as constitutionally required.

It is elemental the constitution is to be liberally construed to give to the lawmaking power all freedom not positively prohibited by the constitution, and an act under consideration is to be given a liberal construction, with all doubts resolved in favor of its constitutionality, for the purpose of carrying into effect the will of the legislature (*In re Schley,* 71 Kan. 266, 80 Pac. 631).

Guidelines and principles to be followed in applying this particular constitutional provision have been frequently stated and are summarized in *Water District No. 1 v. Robb,* 182 Kan. 2, 318 P. 2d 387, as follows:

"Article 2, Section 16 of the Kansas Constitution is an imperative mandate to the legislature commanding it that no bill shall contain more than one subject which shall be clearly expressed in the title, but it is not necessary that the title be a synopsis or abstract of the entire act in all its details. It is sufficient if the title indicates clearly in general terms the scope of the act where the detailed provisions embraced therein are all germane to the subject expressed in the title. A title will be liberally construed when attacked as violating the foregoing constitutional provision." (Syl. ¶ 2.)

It was also stated in that opinion:

"The purpose of a title is to direct the mind to the contents of a bill or of an act, so that members of the legislature and the public may be fairly informed and not deceived or misled as to what it embraces." (p. 9.)

And in *Colorado Interstate Gas Co. v. State Corporation Comm.,* 192 Kan. 29, 386 P. 2d 288, we find this comment:

"The more general the language of the title, the broader the subject matter of the act may be." (p. 36.)

In support of her contention of inadequacy appellant cites several of our cases holding in effect that the purpose of our guest statute is to limit the liability of a host owner or driver of an automobile. From this she concludes the person primarily affected by the guest statute is the owner or operator of an automobile because his liability to a guest is greatly diminished, yet, she argues, the title to the act is not sufficiently broad to include legislation concerning the right of a guest. Appellant cites guest statutes from other states whose titles refer to the liability of the owner or operator of a motor vehicle for injury to a guest. She apparently contends the act should therefore be titled as relating to "limitation (or regulation) of liability of an owner or operator of a motor vehicle" rather than "right of a guest". Appellee counters with the suggestion that if the act were so titled the converse argument could as well be made that the guest was thereby fatally neglected. All but one of the cited statutes from other states mention guest (or passenger) as well in the title and we are unable to find in them, or in the cited cases interpreting them, support for appellant's position.

The act in question here affects two classes of persons: (1) Guests and (2) owners or operators of vehicles—dealing with each class not separately but with their natural connection to each other. Its enactment diminishes both the rights of the former and the liabilities of the latter, illustrating that, generally, rights and liabilities are correlative. In titling such an act it would appear to be of little or no moment which class of persons is mentioned first or upon which focus is first placed. Both classes are mentioned in the title so it can scarcely be said the title is restrictive. Finally, analyzing the provisions of the act grammatically, we find the subject initially stated is: ". . . no person . . . transported by the owner or operator of a motor vehicle, as his guest. . . ." We must conclude the subject of our guest statute is clearly expressed in its title as constitutionally required.

Appellant also contends the guest statute contravenes the due process clauses of both our state and federal constitutions ( § 18, Bill of Rights, Kan. Const.; 5th and 14th Amend., U. S. Const.) Acknowledging that this court has held adversely to her position

(*Bailey v. Resner*, 168 Kan. 439, 214 P. 2d 323; *Wright v. Pizel*, 168 Kan. 493, 214 P. 2d 328), she reasserts invalidity and further argues conditions have sufficiently changed since the time of those decisions to warrant a holding that such an exercise of the police power is no longer constitutionally valid. She argues, among other things, the enactment of other legislation has now rendered the guest statute unnecessary in accomplishing its intended objective of preventing collusive recovery from an insurance carrier, and that its retention as a matter of policy is destructive of a higher policy that for every wrong there should be a remedy. She contends a guest injured by the ordinary negligence of the host driver or owner should not be left remediless when others so injured may recover. She points out other areas of immunity from tort liability which have been judicially removed, but these were immunities judicially created rather than by act of the legislature.

We have reexamined *Bailey* and *Wright* and see no reason to depart from their holding that the guest statute is a valid exercise of the police power of the state and does not violate the constitutional due process mandates. Having reached this conclusion, we may not strike down legislation under the guise of weighing competing social values. Courts cannot repeal a statute unless it is clearly in excess of legislative power or subject to some constitutional inhibition (16 C. J. S., Constitutional Law, § 151 [1] c.). Constitutional questions aside, the legislature is the judge of that which the public good requires. When it speaks on a particular subject over which it has constitutional power to legislate, public policy in such a case is what the statute enacts (*State, ex rel., v. Anderson*, 195 Kan. 649, 408 P. 2d 864).

The judgment is affirmed.

APPROVED BY THE COURT.