ALMA R. PARMENTER & another *vs.* BOARD OF APPEALS OF GRAFTON ' & another. October 5, 1971. Washington Mills Abrasives Co., Inc. (Mills) owned land (locus) in Grafton west of, or near, the boundary between a residential zone and an industrial zone. Mills, apparently in doubt whether the zone boundary crossed the locus, sought a special permit to build an additional warehouse. This the board of appeals granted, stating its view that the whole locus was intended to be in an industrial zone. The plaintiffs, property owners and taxpayers in Grafton, filed an appeal to the Superior Court under G. L. c. 40A, § 21. On substantial evidence, which is reported, the trial judge justifiably concluded that the locus in fact was in the industrial zone and that no special permit or variance was required, or should have been issued, because the zone boundary followed Mills's property line. The evidence shows that the small scale zoning map was imprecise in this area. The zoning by-law (§ II) provided (in part), "Where zone lines apparently follow property lines they shall be so interpreted." Efforts to scale the location of the boundary from other fixed points shown on the map produced inconsistent results. These results tend to prove error in the small map's indication that the zone boundary lies a little west of the easterly boundary of the locus which would be a logical easterly boundary of the industrial zone. Mills owned and used its property for industrial purposes when the zoning by-law was adopted. In view of the ambiguity of the map, it was reasonable (as an aid to interpretation) to resort to evidence of maps used when the by-law was adopted and testimony from one of the zoning map's draftsmen concerning his instructions, their purport, and the then existing uses of the area. Giving special weight to the quoted portion of § II of the by-law, we think the trial judge reasonably and sensibly (see *Green* v. *Board of Appeal of Norwood*, 358 Mass. 253, 258–259) reached his conclusion in the light of all the circumstances. See *Beechwood Acres, Inc.* v. *Hamilton*, 350 Mass. 655, 658–659. See also *Maki* v. *Yarmouth*, 340 Mass. 207, 211. Once he determined the boundary, he properly dealt with this case on the basis that no special permit was required. The second paragraph of the final decree goes beyond issues here presented and is to be omitted. To the declaration in the first paragraph should be added a statement that, for the reasons therein stated, the decision of the board of appeals is annulled. As so modified, the decree is affirmed.

*So ordered.*

*Harry Zarrow* for the plaintiffs.
*Phillips S. Davis* for Washington Mills Abrasive Company, Inc.
*C. A. Peairs* (*Adele E. Moroney*, Town Counsel, with him) for the Board of Appeals of Grafton.