498 P.2d 1274

Mae SIMS, guardian ad litem for Cynthia L. Sims and Brenda Lee Sims, minors and Mae Sims and Cheryle Mae Sims, individually, Plaintiffs-Appellants,

v.

STATE of Idaho et al., Defendants-Respondents.

No. 10864.

Supreme Court of Idaho.

June 22, 1972.

Derr, Derr & Walters, Boise, for plaintiffs-appellants.

W. Anthony Park, Atty. Gen., Faber F. Tway, Dept. of Highways, Boise, and Wallace M. Transtrum, Soda Springs, for defendants-respondents.

McQUADE, Chief Justice.

On the evening of July 15, 1969, Charles L. Sims was seriously injured and subsequently died as a result of his 1968 Dodge pickup going out of control and leaving Highway 30N in Caribou County, Idaho, approximately eight miles east of Lava Hot Springs.

Sims' surviving wife instituted an action on her own behalf and on behalf of Sims' surviving daughters as guardian ad litem against the State of Idaho, Department of Highways and against Caribou County. The plaintiffs alleged that the slick and slippery condition of the highway due to oil seeping to the surface of the road, combined with a recent rain, caused Sims to lose control of the pickup resulting in his death. The plaintiffs further alleged that the defendants State of Idaho and Caribou County were responsible for the care and maintenance of Highway 30N and that the defendants were therein negligent.

The State of Idaho, Department of Highways moved that its prior motion to dismiss be treated as a motion for summary judgment. The motion was supported by the affidavit of the Commissioner of Insurance of the State of Idaho stating that no insurance was in effect at the time of the accident covering negligent acts of State employees or covering the Idaho Department of Highways in the design, construction and maintenance of state highways.

Caribou County also moved for summary judgment. The motion was supported by affidavit stating that Caribou County is a political subdivision of the State of Idaho; that the County was not responsible for maintenance of State Highway 30N and that the County was not insured against the alleged liability.

After a hearing before the trial court, both motions for summary judgment were granted on the grounds that there were no material facts at issue. The plaintiffs have appealed to this Court with the sole assignment of error being that the trial court erred as a matter of law in granting the motions for summary judgments.

In Smith v. State,[1] this Court held that the doctrine of sovereign immunity is not a valid defense in actions based upon tortious acts of the State or any of its departments or political subdivisions, wherein the governmental unit has acted in a proprietary as distinguished from governmental capacity. This Court held that *Smith* would only govern *"future* causes of action arising on or after 60 days subsequent to the adjournment of the First Regular Session of the Forty-First Idaho State Legislature unless legislation is enacted at that session with respect to the abolition of the sovereign immunity of the state."[2] However, the Court excepted the plaintiffs in *Smith* from its otherwise prospective ruling and permitted them to proceed with their claims in the district court.

The plaintiffs in the case at bar filed their complaint on May 13, 1970, claiming damages arising out of the accident that occurred on July 15, 1969. However, because *Smith* was prospective, the doctrine of sovereign immunity is a bar to recovery by the appellants because their cause of action arose during that period when the doctrine of sovereign immunity remained in effect.[3] The appellants contend that Smith v. State is unjust and unreasonable in precluding them from maintaining an action against the State of Idaho or one of its subdivisions. Plaintiffs urge that "the better reasoning and rendition of justice" would be not only to abolish sovereign immunity as to the parties in the *Smith* case, but to all other cases pending at the time of *Smith,* and to any other injured party, who was not barred by the statute of limitations.

The same issue was presented to this Court recently in the case of Dawson v. Olson v. State Farm Insurance.[4] We con-

1. 93 Idaho 795, 473 P.2d 937 (1970).

2. 93 Idaho, at 808, 473 P.2d, at 950, (emphasis supplied).

3. Sovereign immunity in Idaho dates back to Davis v. State, 30 Idaho 137, 163 P. 373 (1917) where this Court said: "The

general proposition that a state cannot be sued without its consent is held by the overwhelming weight of authority." 30 Idaho 137 at 143, 163 P. at 375.

4. 94 Idaho 636, 496 P.2d 97 (1972).

cluded in *Dawson*, as we must in the case at bar, that the doctrine of sovereign immunity, even though prospectively overruled, was the law at the time their cause of action arose and prevented plaintiffs from prevailing. As we stated in *Dawson*, regarding overruling prospectively except as to the litigants then at bar:

> "We follow that course in this appeal, not out of insensitivity to the plaintiffs' tragic loss, but because a line must be drawn somewhere, and the public body here involved legitimately relied on the existing state of the law. Absent the special consideration which may extend to a plaintiff who pioneers a successful reform in the law, that reliance interest will be protected."[5]

 Regarding plaintiffs' contention that the trial court also erred in granting respondent Caribou County's motion for summary judgment, this Court said in Gates v. Pickett & Nelson Construction Co.:[6]

> "That the State of Idaho and any of its *subdivisions* or departments, such as the Board of Highway Directors, are immune from liability for the torts of their employees unless such immunity has been waived to the extent of liability insurance obtained by the State or its subdivision, is a rule of long standing in Idaho. [Citing cases]." (Emphasis supplied).

Because the prospective overruling in *Smith* that abolished the doctrine of sovereign immunity had not become law when the appellants' cause of action arose, Gates v. Pickett & Nelson Construction Co. governs the case at bar and provides immunity for both the State of Idaho and Caribou County. It is well settled that the counties are political subdivisions of the State of Idaho[7] and therefore fall within the immunity provided its subdivisions.

 The plaintiffs suggest that the prospective overruling in *Smith* will cause "dire constitutional issues and difficulties." In Linkletter v. Walker,[8] the Supreme Court of the United States said regarding prospective overrulings: "Thus, the accepted rule today is that in appropriate cases the court may in the interest of justice make the rule prospective."[9]

Therefore, we hold that the trial court did not err in granting summary judgments for the State of Idaho, Department of Highways and Caribou County.

Judgment affirmed. Costs to respondents.

McFADDEN, DONALDSON, SHEPARD, and BAKES, JJ., concur.

---

5. 496 P.2d, at 101.

6. 91 Idaho 836, 432 P.2d 780 (1967).

7. Idaho Const., art. 18, § 1; Strickfaden v. Greencreek Highway Dist., 42 Idaho 738, 248 P. 456, 49 A.L.R. 1057 (1926).

8. 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965); *see also* Great Northern Ry.

Co. v. Sunburst Oil & Refining Co., 287 U.S. 358, 53 S.Ct. 145, 77 L.Ed. 360 (1932); and *see generally*, Annotation, Prospective or Retroactive Application of Overruling Decision, 10 A.L.R.3d 1371, 1394.

9. 381 U.S. 618 at 628, 85 S.Ct. 1731 at 1737.