523 P.2d 1365

F. Chad THOMPSON and Norma J. Thompson, Plaintiffs,

v.

Alfred C. HAGAN, Judge of the District Court of the Fourth Judicial District for the State of Idaho, In and For the County of Ada, Defendant.

No. 11413.

Supreme Court of Idaho.

June 26, 1974.

Robert J. Koontz of Elam, Burke, Jeppesen, Evans & Boyd, Boise, for plaintiffs.

Howard D. Humphrey of Clemons, Cosho, Humphrey & Samuelsen, Boise, for defendant.

McQUADE, Justice.

This is an original proceeding seeking a writ of mandate to require application of the motor vehicles guest statute in a proceeding based upon an automobile accident that occurred on October 20, 1972, in Owyhee County, Idaho. The petitioner,[1] F.

Chad Thompson, was driving an automobile, and Harvey Adams, a passenger, was injured when the vehicle left the road. Adams filed an action against the petitioners alleging that he was not a guest passenger. The petitioners filed a motion for summary judgment supported by affidavits that alleged Adams was a guest passenger and therefore his action was barred by the Idaho guest statute.[2] Judge Hagan denied the motion for summary judgment on the ground that the Idaho guest statute was unconstitutional or had been impliedly repealed by the enactment of Idaho comparative negligence statutes.

The petitioners filed a petition with this Court requesting a writ of mandate directing the respondent, Judge Hagan, to apply the Idaho guest statute and grant their motion for summary judgment. This Court issued an alternative writ of mandate ordering Judge Hagan to show cause why the order denying the motion for summary judgment should not be vacated, and why an order granting the motion for summary judgment should not issue. Both parties have presented briefs and oral argument on the constitutionality of the Idaho guest statute.

The Idaho guest statute provides,

*"Liability of motor owner to guest.*—No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of the said owner or operator or caused by his intoxication or gross negligence." [3]

The respondent contends that the guest statute violates the equal protection guar-

---

1. The parties to special proceedings are properly referred to as "Plaintiff" and "Defendant." I.C. § 7–101. However, in order to avoid confusing the instant parties with those in the case below, in this opinion the litigants in this action are called "petitioners" (the

Thompsons) and "respondent" (District Judge Hagan).

2. I.C. § 49–1401.

3. *Id.*

antee of the Idaho[4] and United States[5] Constitutions because it denies to automobile guests injured in an accident a cause of action against a driver-host in an accident based on ordinary negligence, but it permits all other persons including guests in other automobiles, paying passengers, other drivers and pedestrians to recover for their negligently caused injuries. It is argued that the guest statute arbitrarily singles out guests of the negligent driver for special treatment and therefore denies to them the same treatment accorded to all other persons involved in accidents in violation of the guarantees of equal protection of the law.

To determine whether a statutory classification scheme violates the equal protection guarantee, the United States Supreme Court has followed a two tier test.[6] If the classification involves a fundamental right such as the right to vote,[7] or if the classification involves a suspect classification such as race,[8] it has been held that the state bears a heavy burden to justify the classification distinctions. The analysis for fundamental rights and suspect classifications is called the strict scrutiny test. In all other areas of the law such as social welfare legislation,[9] a restrained standard of review is applied. In the recent case of Reed v. Reed this restrained review was articulated as,

"The Equal Protection Clause of that amendment does, however, deny to States the power to legislate that differ-ent treatment be accorded to persons placed by a statute into different classes on the basis of criteria wholly unrelated to the objective of that statute. A classification 'must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.' Royster Guano Co. v. Virginia, 253 U.S. 412, 415, 40 S.Ct. 560, 64 L.Ed. 989 (1920)."[10]

The restrained review approach requires that the statutory classification be reasonably related to the purpose of the statute.[11] For the purposes of this opinion the proper standard of review is the restrained review test.[12] The question presented by this proceeding is whether the denial of an automobile guest's negligence cause of action against his host bears a rational relationship to the objectives sought to be advanced by the guest statute.

Two arguments have been advanced in justification of the guest statute's classification scheme.[13] First, it is said that the guest statute promotes hospitality by insulating drivers from lawsuits by ungrateful guests. Second, it is suggested that the guest statute eliminates collusive lawsuits in which a host fraudulently confesses negligence to enable his guest to recover from his insurance company. The petitioners set forth the above two justifications for the guest statute and add a third rationale that the guest statute is a legislative at-

---

4. Idaho Const. art. I, §§ 2 and 13.

5. United States Const. amend. XIV, § 1.

6. See: Developments in the Law-Equal Protection, 82 Harv.L.Rev. 1065 (1969).

7. Harper v. Virginia State Board of Elections, 383 U.S. 663, 86 S.Ct. 1079, 16 L.Ed. 2d 169 (1966).

8. Loving v. Commonwealth of Virginia, 388 U.S. 1, 87 S.Ct. 1817, 18 L.Ed.2d 1010 (1967).

9. Dandridge v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970).

10. Reed v. Reed, 404 U.S. 71, 75–76, 92 S.Ct. 251, 254, 30 L.Ed.2d 225 (1971).

11. Evans v. Idaho State Tax Commission, 95 Idaho 54, 501 P.2d 1054 (1972); Nelson v. Marshall, 94 Idaho 726, 497 P.2d 47 (1972); State v. Cantrell, 94 Idaho 653, 496 P.2d 276 (1972).

12. It can be argued that the right to bring an action for negligently inflicted injuries is a fundamental right under art. I, § 18 of the Idaho Constitution, but we need not reach that issue in this opinion.

13. W. Prosser, The Law of Torts § 34, at 186–187 (4th ed. 1971); 2 F. Harper and F. James, The Law of Torts § 16.15, at 961 (1956).

tempt to bring automobile guests into parity with licensees on real property. Each of the three justifications must be examined separately to determine if the denial of a guest's negligence action against his host bears a rational relationship to the objectives of promotion of hospitality, prevention of collusion and parity between licensees and automobile guests.

The explanation of the hospitality rationale is that hosts should not be burdened by lawsuits by ungrateful guests who do not pay for their transportation. The explanation may have had validity in 1931 when the guest statute was first enacted, but today, the widespread incidence of liability insurance has destroyed the basis for the argument.[14] Because of liability insurance, the statute appears to result in the protection of insurance companies, not generous hosts, from lawsuits by negligently injured guests. The fact that insurance companies are the real beneficiary of the guest statute's protection is made clear by the second justification of the guest statute of prevention of collusive lawsuits which is discussed below. The guest statute cannot be reasoned to promote hospitality by protecting hosts from lawsuits by guests.

It is argued that the guest statute is directed against the hitch-hiker who reimburses his generous host with a lawsuit. However, it has been pointed out,

"Dean Prosser disclosed that he had once found a hitch-hiker case but had mislaid it and had been 'unable to find another.' The present writer having monitored the advance sheets in Torts for a generation has never found a single hitch-hiker case. 'The typical guest act case is that of the driver who offers his friend a lift to the office or invites him out to dinner, negligently drives him into a collision, and fractures his skull

—after which the driver and his insurance company take refuge in the statute, step out of the picture, and leave the guest to bear his own loss. If this is good social policy, it at least appears under a novel front.' Prosser, Torts 187 (4th ed. 1971)."[15]

The spector of the ungrateful guest bringing a lawsuit against his generous host has an analogy in the beneficiary of a charity bringing a lawsuit against the charity. Similar to the guest statute, the common law developed the theory of charitable immunity to protect charities from negligence actions and the immunity was applied by the Idaho courts. In the case of Bell v. Presbytery of Boise[16] the charitable immunity doctrine was rejected in total. It was held that,

"Personal injury is no less painful, disabling, costly or damage-producing simply because negligent harm is inflicted by a charitable institution rather than a noncharitable one. As the author of one opinion stated:

'It has not been right, is not now right, nor could it ever be right for the law to forgive any person or any association of persons for wronging any other person.' [Mullikin v. Jewish Hospital Ass'n of Louisville, Ky.] 348 S.W.2d [930] at 932, infra."[17]

Similarly, the guest statute deprives automobile guests of a cause of action for negligence against their host, but allows tort actions by paying passengers, guests in other vehicles, drivers of other vehicles and pedestrians.

In conclusion, the guest statute does not promote hospitality or the sharing of transportation and therefore there is no reasonable relationship between the denial of a guest's negligence cause of action and the purpose of promotion of hospitality.

14. Only statistic available is federal estimate that 75% to 79% of Idaho motorists have liability insurance. U. S. Dept. of Transportation, Driver Behavior & Accident Involvement: Implications for Tort Liability, pp. 201–205 (1970).

15. The Association of Trial Lawyers of America, Newsletter, at 56–57, March, 1973.

16. 91 Idaho 374, 421 P.2d 745 (1966).

17. Bell v. Presbytery of Boise, *supra*, note 16, at 376, 421 P.2d at 747.

The second justification of the guest statute is that it prevents collusive actions at law against insurance companies. The theory behind the justification is that since a host and guest are likely to be friends, the host will fraudulently state that the accident was caused by his negligence so that the guest may recover from the host's insurer. To prevent the risk of fraudulent collusion, the guest statute eliminates a negligence cause of action for all guests. If, as the rationale suggests, a host will agree to fraudulently state that he was negligent, there is nothing preventing him from stating that he was grossly negligent or intoxicated in order that the guest may recover from the insurer.

By denying all guests' negligence actions against their driver, the guest statute is over inclusive in its sweep and bars all the actions. The judicial system has several means for prevention and discovery of fraud which includes perjury, cross-examination under oath and various discovery devices. There is no reason to believe that they would be ineffective for the prevention of collusion in suits by a guest against a host's insurance company. There is no reasonable relationship between the guest statute and its purpose to prevent collusion.

The third rationale of the guest statute advanced by the petitioners is that it is a legislative means of bringing the duty owed by the automobile host to his guest into parity with the duty owed by a landowner to a licensee. The third rationale is not a statement of purpose because there is no apparent need for the duties of automobile hosts and landowners to be the same.

By stating that the purpose of the guest statute is to bring into parity the duties of automobile hosts and landowners, the third rationale erroneously assumes that the two situations involve the same duties. Under the guest statute the automobile host has a negative duty towards his guest of not causing an accident through gross negligence or intoxication. The landowner's duty towards a licensee is to avoid exposing him to unknown dangerous hazards or instrumentalities.[18] The landowner's duty towards licensees centers around warning him of dangers, but the automobile host's duty looks to the activities of the host in controlling the automobile.

There are also factual distinctions between an automobile host-guest situation and a landowner-licensee situation. Once inside a moving vehicle, the guest has no means of escaping his host's negligence, but a licensee can leave the landowner's property upon notice of neglient or hazardous activity. The automobile host is in full control of the vehicle unless the accident is caused by a mechanical defect, but the landowner need not be present when the licensee is exposed to danger, and it is impossible for him to control all areas of his property.

There is little similarity between the host-guest situation and the landowner-licensee situation and therefore the guest statute does not place the guest on a parity with a licensee.

From the above analysis it is concluded that the guest statute's denial of the guest's negligence cause of action against his host does not bear a rational relationship to the objectives of the guest statute of promotion of hospitality, prevention of collusion and parity between licensees and automobile guests. By denying automobile guests a negligence cause of action against their host, but allowing negligence actions against the host by paying passengers, guests in other automobiles, drivers of other automobiles and pedestrians, the guest statute draws an impermissible classification scheme and is in violation of the equal protection of the laws guarantees of the Idaho and United States Constitutions.

The petitioners contend that for this Court to hold the guest statute unconstitutional as a denial of equal protection would be contrary to a great number of cases that have upheld the constitutionality of guest statutes. They argue that the case

18. Gowen v. Davis, 85 Idaho 221, 377 P.2d 950 (1963).

of Silver v. Silver [19] should control this Court's decision. In that case the United States Supreme Court held that a Connecticut automobile guest statute did not violate the equal protection guarantee. It must be remembered that the *Silver* case was decided in 1929 which was prior to the advent of widespread automobile liability insurance. The case did not consider the three justifications of the guest statute to determine if there was a rational connection between the objectives of the statute and the means to accomplish the objectives provided in the statutes. The *Silver* case appears to have taken the approach that all regulations of automobiles are constitutional without examining the regulations in detail. Because of the lack of analysis, the *Silver* case is not persuasive in our interpretation of the Idaho Constitution.

The petitioners point out that guest statutes have been recently upheld by the Illinois and Utah Supreme Courts in the cases of Delaney v. Badame [20] and Cannon v. Oviatt.[21] Not all the recent cases have been in accord. The California Supreme Court held that the guest statute is in violation of the equal protection guarantee in the case of Brown v. Merlo [22] which was followed by the Kansas Supreme Court in the case of Henry v. Bauder.[23] and the North Dakota Supreme Court in the case of Johnson v. Hassett.[24] The *Brown* case represents an exhaustive analysis of the guest statute in relation to the equal protection guarantee and was relied upon by the district court in this proceeding. After reviewing the above authorities, we are persuaded that the California decision in the *Brown* case should be followed and the guest statute declared unconstitutional.

■■ The final argument presented by the petitioners in support of the guest statute is that this Court should severely restrict its review of the guest's statute's classification scheme and declare it constitutional. Although the equal protection guarantee requires this Court to determine if there is a rational connection between the statute's objectives and the statute's means for achieving the objectives, it is argued that if this Court goes beyond a cursory examination of the statute's objectives it is usurping the legislature's function. In effect, the petitioners argue that if a statute is passed by the legislature, it cannot be a denial of equal protection. It is an accepted rule of statutory construction that constitutional issues should be avoided, but when this Court is squarely presented with a constitutional issue, as in this proceeding, it must rule on the issue. The legislature should have wide discretion in the enactment of statutory schemes to promote the general welfare, but this Court has a duty to protect the people's rights as enumerated in the Idaho and United States Constitutions from legislative encroachment. We conclude that the guest statute violates the equal protection guarantee of the Idaho and United States Constitutions and therefore we must hold it unconstitutional.

■ Since this action involves a major change in a host's liability in a negligently caused automobile accident, the question of its applicability to past, pending and future cases must be addressed. In the case of Linkletter v. Walker,[25] the

19. 280 U.S. 117, 50 S.Ct. 57, 74 L.Ed. 221 (1929).

20. 49 Ill.2d 168, 274 N.E.2d 353 (1971).

21. 520 P.2d 883 (Utah Supreme Court, March 26, 1974).

22. 106 Cal.Rptr. 388, 506 P.2d 212 (1973); *see*: Comment, Review of the Past, Preview of the Future: The Viability of Automobile Guest Statutes, 42 Cinn.L.Rev. 709 (1973);

23 Drake L.Rev. 216 (1973); 50 N.D.L.Rev. 139 (1973); 5 U.W.L.A.L.Rev. 53 (1973).

23. 518 P.2d 362 (Kan.Sup.Ct.1974).

24. 217 N.W.2d 771 (N.D.Sup.Ct., filed March 29, 1974).

25. Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965); *see also*: Sims v. State, 94 Idaho 801, 498 P.2d 1274 (1972); Dawson v. Olson, 94 Idaho 636, 496 P.2d 97 (1972); Smith v. State, 93 Idaho

United States Supreme Court made an exhaustive analysis of retroactivity of court decisions. It was held that there are no constitutional requirements concerning retroactivity, and it is a matter of discretion for the state courts. Three different approaches to retroactivity can be identified. The first approach is the traditional rule which is derived from the concept that courts do not pronounce new law, but only discover the true law. Under this approach there are no new decisions, but only clarifications of the true law which makes a decision applicable to both past and future cases. The second approach is the prospective rule. Under this rule a decision is effective only in future actions, and does not affect the rule of law in the case in which the new rule is announced. The third approach is the modified prospective rule which is a combination of the traditional and prospective rules. Under the modified prospective rule, the new decision applies prospectively and to the parties bringing the action resulting in the new decision; or, to the parties bringing the action and all similar pending actions.

■ To aid the courts in determining which rule to apply, Linkletter v. Walker set forth the following factors to be considered. First, the purpose of the new decision must be analyzed in connection with the question of retroactivity. The purpose of holding the automobile guest statute unconstitutional is to prevent guests from being denied equal protection of the law. The purpose would be served by applying the case to both past and future actions. The second factor is reliance on the prior rule of law. The possibility exists that hosts may have offered rides to guests relying on the protection of the guest statute from negligence actions. Additionally, insurance companies may have relied upon the guest statute in setting their rates. The factor of reliance is very strong in

this action. The third factor is the effect on the administration of justice. This factor takes into account the number of cases that would be reopened if the decision that the guest statute is unconstitutional is applied retroactively.

■ After weighing the three factors, it is concluded that the modified prospective rule should be applied in this action. The decision holding the guest statute unconstitutional applies to this action and all pending actions at the date of this decision, and it applies to all actions arising in the future.

Costs to defendant.

DONALDSON and BAKES, JJ., concur.

McFADDEN, Justice (specially concurring).

I concur in the majority opinion which quashes the alternative writ of mandate previously issued not only on the grounds stated in the majority opinion, but also in my opinion on the additional ground that the Idaho guest statute has been superceded by the statutory enactment of the comparative negligence doctrine in Idaho.

> "Repeals by implication are not favored; but if inconsistency is found to exist between the earlier and the later enactments, such that the legislature could not have intended the two statutes to be contemporaneously operative, it will be implied that the legislature intended to repeal the earlier by the later enactment." (Citations omitted). State v. Davidson, 78 Idaho 553, 559, 309 P.2d 211, 215 (1957)

See also, Jordan v. Pearce, 91 Idaho 687, 429 P.2d 419 (1967); Rydalch v. Glauner, 83 Idaho 108, 357 P.2d 1094 (1960); Golconda Lead Mines v. Neill, 82 Idaho 96, 350 P.2d 221 (1960). The Idaho guest statute was first enacted in 1931, and it was most recently amended in 1963. The

comparative negligence statutes became law in 1971.

Idaho's comparative negligence provision consists of the following two statutes:

"[I.C. § 6-801:]–Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for negligence or gross negligence resulting in death or in injury to person or property, if such negligence was not as great as the negligence or gross negligence of the person against whom recovery is sought, but any damages allowed shall be diminished in the proportion to the amount of negligence attributable to the person recovering."

"[I.C. § 6-802:]–The court may, and when requested by any party shall, direct the jury to find separate special verdicts determining the amount of damages and the percentage of negligence attributable to each party; and the court shall then reduce the amount of such damages in proportion to the amount of negligence attributable to the person recovering."

As discussed in the majority opinion, the Idaho guest statute bars an automobile guest's negligence cause of action but allows actions based on gross negligence or intoxication. It appears that the legislature contemplated that at least the gross negligence portion of the guest statute would still operate after passage of the comparative negligence provision because I.C. § 6-801 makes two references to gross negligence. The question in this action is not whether the legislature intended to repeal the guest statute by enactment of the comparative negligence statute, but whether the guest statute and comparative negligence are sufficiently ·inconsistent that it must be held that the guest statute has been superceded by enactment of comparative negligence.

Before comparative negligence was adopted in Idaho it was held that contributory negligence on the part of a plaintiff was a complete bar to recover, no matter the degree of contributory negligence. Comparative negligence expands the right to recovery by barring a plaintiff on the grounds of contributory negligence only when it exceeds the defendant's negligence. The guest statute bars an automobile guest's negligence action and is inconsistent with comparative negligence by limiting recovery.

The inconsistency between the guest statute and comparative negligence is also apparent in cases involving a plaintiff-guest's claim of gross negligence against a defendant-driver who counterclaims that the plaintiff-guest was contributorily negligent. First, the jury must find that the defendant-driver was guilty of gross negligence to allow recovery. Secondly, the jury is faced with comparing the gross-negligence of the defendant-driver with the contributory negligence of the plaintiff-guest, and is required to assign degrees of fault to each. Comparing gross negligence and ordinary negligence is similar to comparing apples and oranges, making impossible a meaningful allocation of fault by the jury.

In my opinion the Idaho guest statute is inconsistent with the statutes enacting the comparative negligence doctrine in Idaho. The Idaho guest statute was first enacted in 1931, and the comparative negligence statutes were enacted in 1971. When two acts of the legislature dealing with the same subject-matter are necessarily inconsistent, the latter enactment prevails over the earlier. Herrick v. Gallet, 35 Idaho 13, 204 P. 477 (1922); Little v. Nampa-Meridian Irrig. Dist., 82 Idaho 167, 350 P.2d 740 (1960); Jordan v. Pearce, 91 Idaho 687, 429 P.2d 419 (1967).

DONALDSON and BAKES, JJ., concur.

SHEPARD, Chief Justice (dissenting).

I consider the action of the majority opinion today to be an unwarranted intrusion by the judicial branch of government

into the area of policy determination traditionally and historically reserved for the legislative branch of government.

I would note at the outset that I emphatically disagree with the policy ²which is enunciated in our guest state. However, I must resign myself to the fact that I am not, nor is any other member of the judicial branch of government, authorized and empowered to overturn policy decisions made by the legislative branch of government. Both this court, Keller v. Magic Water Co., 92 Idaho 276, 441 P.2d 725 (1968), and the United States Supreme Court, McGowan v. Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961), have stated that it is not necessary for a court to agree that the legislative enactment is a sound and appropriate public policy but rather the judicial inquiry is more circumscribed. In the matter of our guest statute, there are competing arguments supporting each position. In our Idaho scheme of government the legislature is delegated primary responsibility for determining public policy and in the case of the guest statute it has unequivocally chosen the direction that public policy should proceed. It has reviewed that policy on several occasions and decided it should not be modified. I am of the firm belief that we have not the authority to substitute our "wisdom" for that of the Idaho Legislature.

Insofar as the equal protection clause of the United States Constitution is concerned, the United States Supreme Court in Silver v. Silver, 280 U.S. 117, 60 S.Ct. 57, 74 L.Ed. 221 (1929), rejected the equal protection argument proffered therein and upheld the constitutionality of an automobile guest statute. The majority opinion distinguishes *Silver* solely on the basis that automobile liability insurance is more widely carried today than at the time of *Silver*. The logic of that distinction escapes me. I would hold that since Silver v. Silver, *supra*, is the latest statement on the matter by the United States Supreme Court and

has not to my knowledge been modified in any substantial respect that our automobile guest statute is not offensive to the United States Constitution.

Such of course does not answer the question as to whether or not the guest statute is offensive to our state constitution. Although not mentioned in the majority opinion, and although the decisions of other courts are merely persuasive, the courts across the country have almost unanimously upheld automobile guest statutes against constitutional attacks. *See* Vogts v. Guerrette, 142 Colo. 527, 351 P.2d 851 (1960); Delaney v. Badame, 49 Ill.2d 168, 274 N.E.2d 351, (1971); Westover v. Schaffer, 205 Kan. 62, 468 P.2d 251 (1970), Annot. 111 A.L.R. 1011 (1937). While, as argued by the defendants, it is true that no jurisdiction across the country has enacted an automobile guest statute for thirty-five years, what the majority neglected to tell us, and which is also true, is that states having such automobile guest statutes have been generally unfavorably disposed toward repeal. *See* The Future of the Automobile Guest Statute, 45 Temple Law Quarterly, 432 (1972).

The majority herein cites only the courts of California and Colorado as having stated that automobile guest statutes are unconstitutional as a denial of equal protection. The illogic of the majority decision herein has obviously been lifted from the decisions of California and Kansas. Those decisions, parroted by the majority herein, set up two straw men, one the collusive lawsuit, and secondly the advancement of hospitality. Then all three opinions effectively destroy the straw men and conclude therefore that an automobile guest statute is so patently unrelated to the attainment of a valid stated objective that it violates either the federal or state constitution relating to equal protection.

I had always believed that in Idaho the only proper inquiry in a case of legislative classification was whether it was reasonably related to a proper legislative purpose

or conversely whether it was so unrelated as to be unreasonable or arbitrary. *See* Keller v. Magic Water Co., 92 Idaho 276, 441 P.2d 725 (1968); Big Wood Canal Co. v. Chapman, 45 Idaho 380, 263 P. 45 (1927); Newland v. Child, 73 Idaho 530, 254 P.2d 1066 (1953); Roos v. Belcher, 79 Idaho 473, 321 P.2d 210 (1958).

I would suggest that the woods and the law books are full of relatively arbitrary decisions made by either courts or legislatures. In all of them different classifications of persons are denied equal treatment. Examples are endless but a few may suffice. Legislatures enact statutes of limitation. The rationale therefor is that defendants should not be subjected to litigation based on stale claims. The reasons therefor are obvious. Under the reasoning of the majority opinion in this case this court should be enabled to review the rationality of that legislative decision involving the length of time to be utilized in a limitation statute. If for example the period of the limitation is two years, would it not be a denial of equal protection to bar a litigant who attempted to file a claim one day after the expiration of the statutory time? Under the reasoning of the majority in the present case, that rationale for the statute of barring stale claims can hardly be said to be logical when applied to one person permitting suit, and when applied to another filed 24 hours later to bar a suit.

This court and other courts have drawn distinctions between licensees, business and social invitees upon real property and have imposed upon the owners of those properties varying and different degrees of liability. Legislatures impose taxes on broad classes of persons and exempt from such taxes certain persons such as widows, aged people, etc. Such is certainly a discriminatory and unequal treatment by the law. Whether such discrimination serves a useful social policy is primarily for the legislature. In my judgment these are policy thickets into which the judiciary need not and should not set its foot.

Although perhaps peripheral to the decision in this case, I would point out that there are distinctions between the Idaho and the California statutes involved and between the Idaho and California courts' interpretations of the respective guest statutes. I would also suggest that there are substantial differences between the general law of California and that of Idaho. California has heretofore rejected the validity of a distinction between invitees and licensees as guests upon real property. I would note that in contrast thereto the recent Idaho case of Mooney v. Robinson, 93 Idaho 676, 471 P.2d 63 (1970) rejected and declined to follow the California view. In spite of the protestations of the majority opinion, I would suggest that to be consistent (albeit it is perhaps the vice of little minds) we should anticipate the abolition of the distinction between licensees and invitees upon real property in Idaho.

I turn now to the opinion of Mr. Justice McFadden to the effect that the Idaho guest statute has been superseded by the enactment of comparative negligence in Idaho.

I think it should be first pointed out that the respondent was at least candid enough with the court to admit that his argument had not been adopted by any other court of any jurisdiction in the United States up to this date. No court has to my knowledge ruled as a matter of law that both a comparative negligence statute and a guest statute cannot exist side by side. Comparative negligence statutes and guest statutes exist together in at least three states, Arkansas, Nebraska and South Dakota. Two states, Massachusetts and Georgia, have by judicial decision established that a diminished standard of care is owed by a driver to his non-paying guests and both of those states have also adopted comparative negligence legislation.

I had always believed that the intention of the legislature in enacting the alleged repealing act was controlling. This court has for years held to the well established

principle that if a new law does not expressly repeal a prior law, a repeal by implication is not favored. Golconda Lead Mines v. Neill, 82 Idaho 96, 350 P.2d 221 (1960); Storseth v. State, 72 Idaho 49, 236 P.2d 1004 (1951). It has also been said that to overcome the presumption against implied repeal two acts must be so clearly repugnant, so irreconcilable as to their subjects and purposes, that the legislature could not have intended that the two acts have concurrent operation. State v. Davidson, 78 Idaho 553, 309 P.2d 211 (1957); State ex rel Good v. Boyle, 67 Idaho 512, 186 P.2d 859 (1947).

I would point out that the comparative negligence legislation S.L. 1971, Ch. 186 (codified as I.C. § 6–801 et seq.) contains nothing that purports to be a general repealer of prior inconsistent legislation. Even the district judge in his memorandum opinion in the case herein noted "that it was the intent of the Idaho legislature *not* to impliedly repeal the guest statute is observed by reading the wording of the comparative negligence statute wherein both the word and phrase negligence and 'gross negligence' are used * * *." While, as pointed out in the special concurring opinion, the trial of law suits with the existence of both the automobile guest statute and the comparative negligence statute may be difficult and complex, such is rather obviously exactly what the legislature intended. They did not specifically repeal the automobile guest statute when they enacted the comparative negligence statute and the language of the comparative negligence statute demonstrates rather conclusively that they intended the continued vitality of the automobile guest statute. The almost conclusive determination of legislative intent is the fact that in the 1973 session of the Idaho legislature H.B. No. 238 was introduced calling for the repeal of the automobile guest statute, and was decisively defeated. See H.R. Journal, 42nd Legislative Original and First Session 1973, 131 and 195. I would make permanent the alternative writ heretofore issued.