## No. 26392

**Richard Richardson, a minor, by and through his next friend and guardian, John R. Kress v̇. Diamond C. Hansen and Mabel M. Hansen**

(527 P.2d 536)

Decided October 21, 1974. Rehearing denied November 11, 1974.

John L. Springer, Friedman, Bader and Dufty, Robert A. Dufty, for plaintiff-appellant.

Walberg and Pryor, Irving G. Johnson, for defendants-appellees.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Plaintiff-appellant challenges an adverse ruling of the trial court rejecting his claim that the Colorado Guest Statute, C.R.S. 1963, 13-9-1, is unconstitutional. We affirm the ruling.

This wrongful death action arose out of an automobile accident in which appellant's mother was killed while riding as a guest passenger in an automobile driven by defendant-appellee Diamond C. Hansen. Plaintiff filed a pretrial motion to strike defendant's guest statute defense on the basis that the statute is unconsitutional in that it impermissibly discriminates between nonpaying guests and paying guests, and thereby denies nonpaying guests equal protection of the law in violation of the Fourteenth Amendment to the United States Constitution. The court denied this motion, which was renewed during trial prior to the jury charge and renewed again on motion for a new trial.

After trial, the jury returned its verdict in favor of the defendant. The issue before this Court concerns only the correctness of the trial court's ruling upholding the constitutionality of the guest statute.

We note that defendant contends this issue is not properly before this Court on appeal because of alleged procedural deficiencies. The procedural problems were here resolved against defendant on his motion to dismiss this appeal, and

we do not deem it necessary to discuss this determination, other than to state that we regard defendant's arguments as being without merit.

 We regard the question of constitutionality of the guest statute to be settled in this state. In *Vogts v. Guerrette,* 142 Colo. 527, 351 P.2d 851, the allegations of unconstitutionality based upon the Fourteenth Amendment to the United States Constitution and Article II, Sections 3, 6, 14, 15 and 25, of the Colorado Constitution were rejected by this Court. Without attempting to detail the many and various reasons expounded in *Vogts, supra,* for upholding the constitutionality of the guest statute, it is sufficient here to say that the equal protection argument based upon the alleged discriminatory and impermissible classification between nonpaying guests vis-a-vis paying passengers was considered in *Vogts* and rejected.

 In *Wheeler v. Rudolph,* 162 Colo. 410, 426 P.2d 762, this Court noted that the burden is upon one attacking the constitutionality of a legislative classification to show that it is unreasonable or arbitrary "by highly persuasive, irrefragable evidence, unless it is clearly so on its face." The burden has not been met in this case and we are not persuaded that the question should be reconsidered or a different result be reached from that in *Vogts, supra.*

 Appellant relies on *Brown v. Merlo,* 8 Cal. 3d 855, 106 Cal. Rptr. 388, 506 P.2d 212, which overruled the California guest statute on equal protection grounds. The essence of *Brown, supra,* is that the original rationale of the California guest statute, enacted for the protection of hospitality and the prevention of collusive lawsuits, is no longer a viable concept or a reasonable basis on which to classify guests for the purposes of determining liability in negligence actions. In our view, this is a social determination, properly in the legislative domain.[1]

---

[1] We note that since *Brown, supra,* there has been a flurry of appellate reviews in various states, re-examining their respective guest statutes in the light of the *Brown* decision. Those courts recently holding their guest statutes unconstitutional are: *Thompson v. Hagan,* 96 Ida. 19, 523 P.2d 1365; *Henry v. Bauder,* 213 Kan. 751, 518 P.2d 362; and

■ The doctrine of stare decisis, which is firmly embedded in Colorado law (*Denver v. Duffy,* 168 Colo. 91, 450 P.2d 339), requires that we exercise judicial restraint and not overturn *Vogts, supra,* where in 1960 the issues of constitutionality were critically examined and decided by this Court. *See also In Re Interrogatory,* 162 Colo. 188, 425 P.2d 31; *People v. McPhail,* 118 Colo. 478, 197 P.2d 315; *Wolf v. People,* 117 Colo. 279, 187 P.2d 926.

Of compelling significance is the fact that since the *Vogts* decision the general assembly amended the guest statute by enactment of Colo. Sess. Laws 1974, ch. 40, 13-9-1 at 77, to exclude from the operation of the statute "car pool" guests. The legislature, however, otherwise substantially re-enacted the guest statute without any other modification of the distinction between nonpaying guests and paying guests. We are thus constrained to view that the policy of the act, in the eyes of the general assembly, has vitality, and that policy changes should be left to that branch of our government.

We reaffirm our decision in *Vogts, supra,* upholding the constitutionality of the guest statute.

Judgment affirmed.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE GROVES and MR. JUSTICE ERICKSON concur in the result.

MR. JUSTICE GROVES concurring in the result:

I concur in the result only because the General Assembly has re-enacted the statute. I do not approve of the majority opinion in *Vogts v. Guerrette,* 142 Colo. 527, 351 P.2d 851. However, this Court there stated that this was a legislative matter, and it ill behooves us now to change that holding.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE ERICKSON join in this concurring opinion.

---

*Johnson v. Hassett,* 217 N.W.2d 771 (North Dakota). Those courts recently upholding the constitutionality of their guest statutes are: *Keasling v. Thompson,* 217 N.W.2d 687 (Iowa); *Tisko v. Harrison,* 500 S.W.2d 565 (Tex. Civ. App.); *Cannon v. Oviatt,* 520 P.2d 883 (Utah). For further discussion, *see Guest Statutes: Have Recent Cases Brought Them To The End Of The Road?* 49 Notre Dame Lawyer 446; Note, *The Present Status of Automobile Guest Statutes,* 59 Cornell L. Rev. 659.