Mr. Steven W. Hirsch Decatur County Attorney P.O. Box 296 Oberlin, Kansas 67749
Dear Mr. Hirsch:
As attorney for Decatur county, you request our opinion regarding the authority of the county election officer to remove names of voters from registration lists. Specifically, you ask whether the county election officer may remove from registration lists those names of persons who have been convicted of felonies and have not had their civil rights restored.
In the research you submitted with your request, you question the constitutionality of K.S.A. 1992 Supp. 21-4603. You state "that theremay be a conflict between the two statutes [K.S.A. 1992 Supp. 21-4603 and22-3722] and [section 2 of article 5 of the Kansas constitution] . . . ." We review this issue before determining the authority of the county election officer to remove from registration lists the names of persons who have been convicted of felonies.
Section 2 of article 5 of the Kansas constitution provides:
 "The legislature may, by law, exclude persons from voting because of mental illness or commitment to a jail or penal institution. No person convicted of a felony under the laws of any state or of the United States, unless pardoned or restored to his civil rights, shall be qualified to vote."
A similar provision has existed in the state constitution since its adoption and ratification in 1859.
In ascertaining the meaning of a constitutional provision, the primary duty of the courts is to look to the intention of the makers and adopters of that provision. Board of Wyandotte County Comm'rs. v. Kansas Ave.Properties, 246 Kan. 161, 166 (1990). A constitutional provision is not to be narrowly or technically construed or interpreted in any refined or subtle sense, but its language should be interpreted to mean what the words imply to men of common understanding. Colorado Interstate Gas Co.v. Board of Morton County Commissioners, 247 Kan. 654, 660 (1990). Therefore, we accept the meaning of the constitutional provision to be that as clearly stated in the constitution; no person convicted of a felony, unless pardoned or restored to his civil rights, shall be qualified to vote.
K.S.A. 1992 Supp. 21-4603 provides in part:
 "(7) Dispositions which do not involve commitment to the custody of the secretary of corrections and commitments which are revoked within 120 days shall not entail the loss by the defendant of any civil rights."
It is further provided in K.S.A. 1992 Supp. 22-3722:
 "When an inmate on parole or conditional release has performed the obligations of the release for such time as shall satisfy the Kansas parole board that final release is not incompatible with the best interest of society and the welfare of the individual, the parole board may make a final order of discharge and issue a certificate of discharge to the inmate but no such order of discharge shall be made in any case within a period of less than one year after the date of release except where the sentence expires earlier thereto. Such discharge, and the discharge of an inmate who has served the inmate's term of imprisonment, shall have the effect of restoring all civil rights lost by operation of law upon commitment, and the certificate of discharge shall so state."
The constitution is to be liberally construed to give to the lawmaking power all freedom not positively prohibited by the constitution. Westoverv. Schaffer, 205 Kan. 62, 63 (1970). It is axiomatic that a statute is presumed constitutional and all doubts must be resolved in favor of its validity. If there is any reasonable way to construe a statute as constitutionally valid, the court must do so. A statute must clearly violate the constitution before it may be struck down. Boatright v.Kansas Racing Commission, 251 Kan. 241, 243 (1992). It is a cardinal rule of construction that all statutes are to be construed so as to sustain them rather than ignore or defeat them; to give them operation if the language will permit, instead of treating them as meaningless.Martindale v. Tenny, 250 Kan. 621, 632 (1992). All statutes are presumed to be enacted with full knowledge of the existing condition of the law and with reference to it. Early Detection Center, Inc. v. Wilson,248 Kan. 869, 874 (1991).
It is clear that under section 2 of article 5 of the Kansas constitution the civil rights of a person convicted of a felony are removed and that such person is not qualified to vote. However, the constitution provides no specific time period that must run before the person may be pardoned or restored to his civil rights. Applying the rules of statutory construction, it is determined that upon conviction of a felony, a person loses his civil rights and is not qualified to vote. K.S.A. 1992 Supp. 21-4603(7) then immediately restores the civil rights of a person whose disposition does not involve commitment to the custody of the secretary of corrections or whose commitment is revoked within 120 days. K.S.A. 1992 Supp. 22-3722 has the effect of restoring the civil rights of a person upon the person's final discharge. Following restoration of civil rights, the person may then be qualified to vote. K.S.A. 1992 Supp. 21-4603(7) and 22-3722 do not violate section 2 of article 5 of the Kansas constitution.
Pursuant to K.S.A. 1992 Supp. 25-2304, the county election officer is obligated to "maintain registration books to register all citizens entitled to be registered by such county election officer. . . ." The bases for removing names from registration lists are set forth in K.S.A. 1992 Supp. 25-2316c.
 "(e) Except as otherwise provided by law, when a voter dies or is disqualified for voting, the registration of the voter shall be void, and the county election officer shall remove such voter's name from the registration books and the party affiliation lists. Whenever (1) an obituary notice appears in a newspaper having general circulation in the county reports the death of a registered voter, or (2) a registered voter requests in writing that such voter's name be removed from registration, or (3) a court of competent jurisdiction orders removal of the name of a registered voter from registration lists, or (4) the name of a registered voter appears on a list of deceased residents compiled by the secretary of health and environment as provided in K.S.A. 65-2422, and amendments thereto, or appears on a copy of a death certificate provided by the secretary of health and environment, or (5) pursuant to K.S.A. 25-2316d, and amendments thereto, a registered voter fails to vote in two consecutive state general elections the county election officer shall remove from the registration books and the party affiliation lists in such officer's office the name of any person shown by such list or death certificate to be deceased.
. . . .
 "(g) Except as otherwise provided in this section, no person whose name has been removed from the registration books shall be entitled to vote until such person has registered again." K.S.A. 1992 Supp. 25-2316c (emphasis added).
Pursuant to section 2 of article 5 of the Kansas constitution, a person who is convicted of a felony loses his civil rights and is disqualified from voting. Upon disqualification, the person's registration is void as provided in K.S.A. 1992 Supp. 25-2316c. The statute then places an obligation upon the county election officer to remove from voter registration lists and party affiliation lists maintained by the county election officer the names of persons convicted of felonies. Once the civil rights of the person have been restored pursuant to either K.S.A.21-4603 or 22-3722, the person may register to vote.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
RTS:JLM:RDS:jm